June Term, 1862.

TUBBS
v.
DOLL et al.

land embraced in the mortgage did not constitute a part of the homestead of the respondent.

## TUBBS vs. DOLL and others.

On an appeal from a *judgment* of foreclosure this court will not review an order in the cause made prior to the judgment, denying a motion to bring in a new party defendant, unless the order was excepted to, and a bill of exceptions settled, under sec. 12, chap. 264, Gen. Laws of 1860.

An appeal might have been taken from the order without any exception, under secs. 5 and 8 of the same chapter.

APPEAL from the Circuit Court for *Dane* County.
The case is stated by the court.
*J. C. Hopkins* and *E. Jussen*, for appellants.
*Julius T. Clark*, for respondent.

October 25.

*By the Court*, DIXON, C. J. Appeal by defendants from a judgment of foreclosure and sale. A portion of the mortgaged premises having been conveyed to the defendant *John Esser*, a married man, by deed executed, acknowledged and recorded before the commencement of the action, the defendants moved, on affidavit pursuant to the statute, chap. 60, Laws of 1861, for an order making the wife, Franziska Esser, a party to the action, on the ground that she was interested and her interests should be protected. The motion was denied, and final judgment afterwards entered. The object of this appeal is to review the order of the court upon the motion. It is insisted that the order should have been made, and that is the only ground of complaint. A bare inspection of the statute regulating appeals to this court, (chap. 264, Laws of 1860), will show that the defendants have mistaken their remedy. They have not appealed from the order, which they might, without exception, under sections five and eight; nor excepted to it and settled their

bill, under section twelve, which must be done to bring it up on an appeal from the judgment. *Cord vs. Southwell, ante,* p. 211. The order is not, therefore, before us for review, and the judgment must be affirmed.

Ordered accordingly.