## WICKE vs. LAKE, impleaded with others.

MORTGAGE FORECLOSURE: PARAMOUNT TITLE.—*Excusing failure to defend.— Vacating judgment.—Proper form of judgment.*

1. A judgment of foreclosure and sale directed to be set aside to let in the answer of a party made defendant as having an interest subject to the mortgage, but who, having paramount title to a part of the premises, had neglected to answer because assured by counsel acquainted with the facts set up in the mortgagor's answer, that it presented a complete defense to the action.

2. Where one made defendant in foreclosure as claiming a subsequent interest, answers setting up possession under a paramount title, although plaintiff may not be compelled to litigate such title in that suit (*Strobe v. Downer*, 13 Wis., 10; *Pelton v. Farmin*, 18 id., 222), yet the judgment should protect defendant's rights, and not leave him liable to be deprived of his possession by a writ of assistance, his title not having been litigated.

APPEAL from the Circuit Court for *Winnebago* County.

Foreclosure of a mortgage made by *Eliza Moore* to the Milwaukee & Horicon Railroad Company, in 1854. *Lake* was made a defendant as having or claiming some interest in the premises subsequent and subject to the mortgage; and a copy of the summons and complaint, with notice of no personal claim, was served upon him. He did not answer or appear; and judgment was taken in the usual form, directing a sale, and that the purchaser be let into possession; and also foreclosing all the right, title, interest &c., of all the defendants. Before sale made, *Lake* moved for leave to come in and answer, upon the record in the action and certain affidavits, showing an equitable title in himself paramount to that of the mortgage, and also stating the reasons of his failure to answer. The substance of these affidavits is sufficiently stated in the opinion below. From an order denying his motion, *Lake* appealed.

*Duncan E. Cameron*, for appellant, cited sec. 38, ch. 125, R. S.; 2 Whittaker, 78; 4 How. Pr. R., 5; 3 Paige, 155, 566; 13 Wis., 482.

*Hudd & Wigman*, contra, argued that a party proceeded against as a subsequent incumbrancer only, cannot set up a paramount title. *Pelton v. Farmin*, 18 Wis., 222; *Strobe v. Downer*, 13 id., 10; *Lewis v. Smith*, 5 Seld., 503: *Corning v. Smith*, 2 id., 82; Hilliard on Mort., 170–71.

COLE, J. We are inclined to the opinion that the affidavit of the appellant established a case of excusable neglect under the statute. He states, in substance, in his affidavit for the purpose of excusing his default, that when the summons was

served upon him, he called upon the defendant *William Moore*, husband of of the mortgagor, *Eliza Moore*, to consider of their defense; that *Moore* informed him that eminent counsel had been retained to defend the action; that an answer had been put in which raised a perfect defense, and would protect all the defendants alike; that *Moore* assured him that he need not give himself any further trouble about the action, as his rights would be fully protected in the portion of the mortgaged premises belonging to him.    He further states that he applied to a firm of attorneys at Appleton, and informed them generally of the circumstances under which the mortgage was given, and was advised by one of the firm, who knew the matters set up in the answer, that it furnished an absolute and incontrovertible defense to the action, and that he need not give himself any further concern about it.    The appellant's defense, so far as the one hundred acres of land owned by him was concerned, was peculiar to himself, and it is not probable that it was set up in the answer filed in the action.    Doubtless the defendant *Moore*, as well as the attorneys consulted by the appellant, expected to defeat the foreclosure suit upon grounds applicable generally to this class of mortgages.    But the appellant should have put in an answer setting forth the facts which constituted his defense.    That he did not do this, was probably owing to the fact that he did not fully comprehend the legal bearing of his defense, even if acquainted with all the circumstances out of which it arose; and besides, he was advised that the answer already put in furnished a perfect and impregnable defense to the action.    Under these circumstances, we think his default was excused, within the spirit and intent of the statute.    13 Wis., 482; 15 id., 355; 17 id., 52.

That the appellant shows a good defense to the action upon the merits, so far as the one hundred acres is concerned, there can be no doubt.    He bought this land of McWhorter in 1852; entered into the actual possession of it, and has continued in

such possession up to the commencement of this suit, making valuable improvements upon it, erecting a dwelling house, &c. This was long before the mortgage was given by *Eliza Moore* to the railroad company. That mortgage was given upon land deeded to her through a mistake by her brother, but, as appears from the affidavits, really belonging to her sister Jane, from whom the appellant derived title. But his possession, improvements, &c., were notice to the company of his equities and rights in the premises. And the only remaining question is, whether the appellant's defense can be available to him in this action.

It is contended that this defense cannot be interposed, because it is a paramount title to a portion of the mortgaged premises, which cannot be set up to the foreclosure suit. The plaintiff, however, made the appellant, with others, defendants to this action, and alleges in the complaint that *Lake* has or claims some interest in the mortgaged premises, or some part thereof, which interest is subject to the mortgage. A judgment of foreclosure and sale is taken, barring the defendants from all title and interest in the premises, and providing that the purchaser at the sale be let into possession on the production of the sheriff's deed, &c. Of course, if effect is given to this judgment, it will result in removing the appellant from the possession of his home and property. The question is, cannot his right in some way be protected in this suit consistently with the doctrine laid down in *Strobe v. Downer*, 13 Wis., 10; *Pelton v. Farmin*, 18 id., 222, and authorities there cited? It appears to us that those rights should be protected; and, if the appellant establishes his defense, that the mortgage by mistake embraces his farm and never became a lien upon it, that a court at least will not turn him out of possession of his property. It will so frame its judgment as to protect his rights, even if it will not proceed to try the adverse paramount title in this foreclosure action. Here the appellant is in possession, and is the

real owner of a portion of the mortgaged property. The mortgage is invalid so far as that portion is concerned. Must the appellant now, when made a party to the foreclosure suit, remain unprotected because his title is paramount to that of the mortgagor, and be turned out of possession of his own property by a writ of assistance, and then be compelled to bring his action of ejectment to recover the property from which he has been dispossessed? It seems to us that the principle of the decisions above cited leads to no such absurd consequences. The real owner should not be turned out of the possession of his own land under a proceeding to foreclose a mortgage which never became a lien upon it. The plaintiff may dismiss the suit as to the appellant, or sell subject to his rights, if he does not choose to litigate the question of paramount title in this action. A foreclosure suit may not be an appropriate proceeding in which to settle the rights of a party claiming to own the mortgaged premises in hostility to the mortgagor, but it ought not to be used to deprive a person of the possession of his own land, which another has attempted to mortgage, acting under some mistake as to the true state of the title. For these reasons, the doctrine of *Strobe v. Downer* and *Pelton v. Farmin* cannot have the broad application the respondent seeks to give to it.

*By the Court.*—The order of the circuit court, refusing to set aside the judgment and let the appellant come in with his answer, is reversed, and the cause is remanded for further proceedings.