HEKLA FIRE INSURANCE COMPANY vs. MORRISON and others.

*November 2 — November 21, 1882.*

*Foreclosure of mortgage — Parties — Appealable Order.*

1. It is well settled that the object of an action to foreclose a mortgage is to bar the mortgagor and those claiming under him subject to the mortgage; and in such action the plaintiff will not be compelled to litigate questions of paramount title.

2. An order requiring the plaintiff in an action to foreclose a mortgage to make a person claiming an adverse and paramount interest in the mortgaged premises, a party defendant, affects the merits of the action and is appealable.

APPEAL from the Circuit Court for *Wood* County.

The case is thus stated by Mr. Justice TAYLOR:

"This is an appeal from an order of the circuit court making *School District No. 3 of the Town of Lincoln* a defend-

56 133
79 218
79 611
56 133
95 436
56 133
114 1427

ant to the action. The action is brought to foreclose a mortgage given by *Morrison* and his wife to the appellant to secure the payment of $600, borrowed money. The property mortgaged was conveyed to *Morrison* by one John Potvine, his father-in-law, in the life-time of said Potvine, who had deceased before the mortgage was given. The deed from Potvine recites that the consideration for making the deed is ' the sum of one dollar, and certain provisions in accordance with the last will and testament of the said Potvine made herewith.' The substance of the will is set out in the answer, in which the same lands described in the deed to *Morrison* are devised to him, together with all the other property of the deceased Potvine, upon condition, in effect, that *Morrison* should work and take care of the homestead (being the mortgaged premises), and support, maintain, and care for said Potvine and his wife during their natural lives, and also support and care for said Potvine's minor children until they should become of age, or left said homestead of their own accord; and also that said *Morrison* should pay all debts owing by said Potvine, or which he might become liable to pay. It is further alleged that said deed to *Morrison*, and said paper writing purporting to be a will, were executed and intended by said Potvine as one instrument, and were so accepted and received by the said *Morrison*. The petition of the school district, asking to be made a party defendant in the action, sets out the foregoing matters, and further shows that the said Potvine, in his life-time, and before the conveyance of the land to said *Morrison*, and before the execution of the plaintiff's mortgage, became indebted to the said district in the sum of $340, which sum had been allowed to the district against the estate of the said Potvine, and remains wholly unpaid, and that there is no personal property of the said Potvine out of which said debt can be paid. Upon this petition, setting out, among other things, the facts above stated, the said school district asks the court

to be made a party defendant, 'to the end that the claim of the petitioner against the estate of John Potvine, deceased, for the sum of $340, with interest from May 4, 1880, might be adjudged a lien on the part of said land not by law exempt as a homestead, prior and superior to the plaintiff's mortgage.' "

For the appellant there was a brief by *J. H. Carpenter* and *F. K. Conover*, and oral argument by *Mr. Carpenter*.

For the respondents the cause was submitted on the brief of *Gardner & Gaynor* and *Geo. L. Williams*.

TAYLOR, J. The counsel for the plaintiff and appellant insists that the learned circuit judge erred in granting the petition of the school district, and ordering it to be made a party defendant, for two reasons: (1) That the petition does not show that the plaintiff was not a mortgagee in good faith, and without any knowledge of the rights of the school district, if it in fact has any rights as against *Morrison*, the grantee of Potvine; and (2) that it clearly shows that the right which the district claims to have, to collect the amount of its debt out of the mortgaged premises, is superior to and adverse to the plaintiff's mortgage. We do not feel called upon, on this appeal, to give any opinion as to the effect of the deed from Potvine to *Morrison*, the mortgagor, as against the creditors of Potvine, because we are clearly of the opinion that the petition of the school district does not show any sufficient cause to entitle it to be made a party defendant in this action. If the facts stated in the petition show that the district has any right in the mortgaged premises, such right is paramount to and adverse to the plaintiff's right, and can in no way be affected by a judgment in its favor in the foreclosure action. It is a well-settled rule that the object of a foreclosure action is to bar the mortgagor and those claiming subsequent to the mortgage, and not to try the title alleged to be paramount to that of the mort-

gagor. *Pelton v. Farmin,* 18 Wis., 222; *Strobe v. Downer,* 13 Wis., 10; *Straight v. Harris,* 14 Wis., 509; *Palmer v. Yager,* 20 Wis., 91; *Supervisors v. Railroad Co.,* 24 Wis., 93, 120, 121; *Roberts v. Wood,* 38 Wis., 60, 68; *Macloon v. Smith,* 49 Wis., 200, 218; 2 Jones on Mortg., §§ 1439, 1440, 1445. " It is a general rule that in foreclosure cases, if objection be taken, questions of paramount legal title will not be examined. " See cases above cited.

The cases of *Wicke v. Lake,* 21 Wis., 410; *Roche v. Knight,* id., 325, cited by the learned counsel for the respondent, do not controvert the general rule above stated. They only hold that if a defendant who is made a party to the action by the plaintiff sets up in his answer a paramount title, and tenders an issue upon such title, the plaintiff may, if he sees fit, have such right tried in the action, or he may dismiss the action as to such defendant.

All the cases hold that the question of title paramount to the title of the mortgagee cannot be tried in an action to foreclose the mortgage unless the parties consent to such trial. The school district, not having been made a party to the action by the plaintiff, would not have been prejudiced by any judgment which could be rendered in such action, and the sole object of its coming in as a defendant is to compel the plaintiff to litigate as to its paramount rights. This it cannot force the plaintiff to do. We think the order is appealable, as in a just sense involving the merits of the plaintiff's action. If granted, it compels it to litigate a matter which is not pertinent to the cause of action set up in its complaint, and with a party who is not a proper party to such action, and must necessarily delay it in obtaining a final judgment.

The school district has a clear remedy, either by proceeding to sell the land by an order from the probate court, if, as it claims, the title conveyed to *Morrison* was upon a condition subsequent, by the nonperformance of which the title

revested in the grantor or his heirs; or, if it deems the con-veyance to *Morrison* fraudulent and void as to the creditors of Potvine, it may bring its action in a court of equity to set aside the conveyance for such fraud, and subject the same to the payment of its debt in that way. We think the mortgagee is entitled to have a judgment and sale of the mortgaged premises, so as to vest in it the title of the mortgagor, and those claiming under him, subject to its mortgage, without being delayed by the litigation of those rights which are claimed to be superior to the rights of the mortgagor.

*By the Court.*— The order of the circuit court is reversed, with costs against the respondent *School District No. 3 of the Town of Lincoln,* and the cause is remanded for further proceedings according to law.