IN RE THE OSHKOSH MUTUAL FIRE INSURANCE COMPANY.

*September 3 — September 23, 1890.*

*Insurance companies: Insolvency: Injunction: Receivers: Dissolution.*

1. Under secs. 3218, 3219, R. S., a creditor or stockholder of an insolvent insurance corporation may maintain an action to restrain the exercise of its corporate rights, etc., for the appointment of a receiver, and to close up the business of the corporation.

2. The fact that a dissolution of the corporation is prayed for in such action does not impair the jurisdiction of the court to grant the relief authorized by said sections.

3. Such an action having been commenced and an injunction granted and a receiver appointed, an application by the attorney general for an order that the corporation show cause why its business should not be closed and a receiver appointed was properly denied. The attorney general might become a party to the pending action and ask therein for a dissolution of the corporation, which might then be granted, and all the ends sought might thus be attained without another independent proceeding.

APPEAL from the Circuit Court for *Winnebago* County.

The appeal is from an order denying an application by the attorney general for an order that the *Oshkosh Mutual Fire Insurance Company* show cause why its business should not be closed and a receiver appointed for that purpose. An action had previously been commenced by R. McMillen and others, officers and directors of said company, for a dissolution of the company, an injunction, the appointment of a receiver, etc. Other facts will appear from the opinion.

For the appellant there was a brief signed by *Hicks, Phillips & Kleist,* attorneys for creditors, and by the *Attorney General,* and the cause was argued orally by *M. C. Phillips* and *Geo. E. Sutherland.*

For the respondent *C. W. Davis,* receiver of the company, there was a brief by *Finch & Barber,* and oral argument by *Charles Barber* and *Charles W. Felker.*

COLE, C. J. It is claimed on the part of the appellant that the action instituted by R. McMillen and others, officers and board of directors of the respondent, and all the proceedings therein, were unauthorized and void. Is that position sound? That action was brought to adjust, settle, and wind up the business of the corporation. The plaintiffs ask for an injunction, and the appointment of a receiver to take charge of the property of the corporation, convert its assets into money, collect its debts, and close out its affairs under the direction of the court. A dissolution of the corporation is asked for. From the complaint and the amendment to the same, which we understand was allowed before the application of the attorney general was heard, it appears that in that case the plaintiffs were stockholders and creditors of the defendant. It also appears from the complaint that the defendant was insolvent and unable to pay its debts, though that fact was questioned on the argument. But, without dwelling on the point, we must say that we can reach no other conclusion upon the matters set forth than that the corporation was in a failing condition and was unable to meet its just debts. This, in brief, being the case presented, is it correct to say that the suit thus instituted by the officers and directors of the corporation for the purpose intended was entirely unauthorized by our statutes, and that all the proceedings taken thereunder were void?

It seems to us that no such position is tenable or correct. It is true the defendant professes to be a mutual insurance company, and, it is said, is governed by different rules than those which are applicable to strictly stock companies. But it is undeniable that it is a corporation authorized by law and organized to make contracts of insurance. The complaint filed by its officers shows that it had become insolvent or was unable to pay its debts. Now, sec. 3218, R. S., provides, in substance, whenever any corporation having

banking powers, or authorized by law to make insurance, shall become insolvent or unable to pay its debts, or shall neglect or refuse to pay its notes or evidences of debt on demand, or shall have violated any of the provisions of its act of incorporation or any law binding on such a corporation, any court having jurisdiction may by injunction restrain such corporation and its officers from exercising any of its corporate rights and privileges or franchises, and from collecting or receiving any debts or demands, and from paying out or in any way transferring or delivering to any person any of the money, property, or effects of such corporation, until such court shall otherwise order. The next following section provides that the injunction may be issued upon the commencement of an action for the purpose of closing up the business of such corporation by the attorney general in the name of the state, or by any creditor or stockholder of such corporation, or at any time thereafter upon proof of the facts required to authorize the issuing of the same. Sec. 3219, R. S. The court may, in any stage of such action, appoint one or more receivers to take charge of the property and effects of such corporation, to collect its debts and discharge the duties imposed upon receivers in other cases, subject to the control of the court.

Here, as it appears to us, is ample power given the court to take jurisdiction of the cause, grant writs of injunction, and appoint receivers at the suit of a creditor or stockholder, and close the business of the corporation. But it is said the court in such a suit will have no power to decree a dissolution of the corporation. But this objection does not go to the jurisdiction of the court to proceed with the cause as far as authorized by the statute. Because the court cannot grant all the relief asked it does not follow that it has no jurisdiction to grant any relief. Indeed, it seems almost too plain for argument, in view of the provisions above cited, that the suit of McMillen and others against the de-

fendant corporation was one authorized to be brought, and that the proceedings in that action are not void, even if irregularities in the same have intervened. Whether the complaint in the action or facts proven justify the appointment of a receiver, is a question not before us. We have merely referred to the case to show that the court had jurisdiction of it, and had power to appoint a receiver in it on a proper case, and that the action was still pending.

At this stage of that cause, the attorney general obtained an order from the circuit court directing the defendant to show cause why its business should not be closed, and that a receiver be appointed to take charge of its assets for the purpose of winding up its affairs. The application was made under sec. 1968, R. S., which authorizes the attorney general, when informed by the commissioner of insurance that he is satisfied, from an examination, that the assets of an insurance corporation are insufficient to justify its continuance in business, to apply to the circuit court of the county where the principal office of the corporation is located for an order requiring it to show cause why its business should not be closed. The attorney general bases his application for the order to show cause upon various exhibits, among which are the records and files in the case of McMillen and others against the defendant, which we have alluded to. On the hearing the court denied the application, and from that order this appeal is taken.

It does not appear upon what ground or for what reason the court below denied the application, nor is it very material to know. We think it was properly denied, because the suit by the attorney general was unnecessary. The attorney general might become a party to the pending action of McMillen and others against the defendant, and in that suit accomplish all the ends which could be attained in an independent action brought by him in the name of the state. What was the necessity of any other suit? Differ-

ent suits brought to secure the same ends are always con-
sidered objectionable. It would be especially so in this liti-
gation to have different receivers appointed to take charge
of the same estate, dispute and wrangle over its control,
disposition, and management, and increase the expense and
costs of settling it for no useful purpose whatever. Confu-
sion and conflict would inevitably arise between the re-
ceivers in the transaction and adjustment of the affairs of
the corporation, and this is to be avoided if possible.

But it is said there can be no decree dissolving the cor-
poration in the pending action, which is desired. But if
the attorney general becomes a party to this suit, such a
dissolution could be decreed, if consistent with the facts
proven and the principles of equity. It will be noticed that
the attorney general does not ask in his application that the
court decree a dissolution of the corporation, but that the
business of the company be closed. But still, in such a
case, the court is expressly authorized, if it finds that the
assets and funds of the corporation are insufficient, and the
interests of the public so require, to decree a dissolution of
the corporation. Sec. 1968, R. S. But the same relief may
be granted in the pending action if the attorney general
asks for it in the name of the state.

So, in any possible view which we have been able to take
of the question, we see no necessity for the attorney general
instituting another independent suit to close up the business
of the corporation, and settle and adjust its affairs. Be-
sides, it appears that an injunction has been granted in the
pending suit, restraining the corporation from carrying on
the business of insurance, and a receiver has been appointed,
who has employed attorneys under the authority of the
court, and who has proceeded to collect assessments and
enforce claims, and much of this expense and labor might
go for naught if the application of the attorney general were
granted. And, as we cannot see that the public interests
or the rights of any party concerned will be in any way

promoted or subserved by instituting such a suit, when there is no obstacle to the attorney general's becoming a party to the pending action, and litigating all matters in' that action which are undetermined, we think the order of the circuit court should be affirmed.

*By the Court.*— It is so ordered.