Teweles vs. Lins and another.

---

TEWELES, Appellant, vs. LINS and another, Respondents.

*January 18 — February 8, 1898.*

ATTACHMENT.    (1) *Traverse of affidavit: Assignee for benefit of creditors.*
      (2) *Order: Appeal: Exceptions.*    (3) *Dissolution as to part of claim.*
      (4) *Adjusting cross demands.*

1. The traverse of an affidavit for attachment by both the debtor and his assignee for the benefit of creditors, is *held* sufficient.
2. The determination of the court on the issue raised by the traverse of an affidavit for attachment is an order, and may be reviewed on a direct appeal therefrom without any exception to it having been taken.
3. An attachment issued on the ground that defendant had fraudulently contracted the indebtedness to plaintiff, may be sustained as to a part of such indebtedness and dissolved as to the remainder.
4. Cross demands between the parties cannot be established and adjusted on the trial of the issue raised by the traverse of an affidavit for attachment.

APPEAL from an order of the circuit court for Waukesha county: WARHAM PARKS, Circuit Judge. *Affirmed.*

This was an action brought by the plaintiff for the recovery of a money demand against the defendant, in which an attachment was issued and executed against the defendant's property. The amount of the debt was stated in the affi-

davit for attachment at $1,800, over and above all legal set-offs, and that it was due on express contract. The ground for the attachment was stated to be that the plaintiff had good reason to believe, and verily did believe, that the defendant, *Lins,* was about fraudulently to convey away, sell, and conceal his property, with intent to cheat and defraud his creditors, and that the defendant fraudulently contracted the debt upon which the affidavit was founded, intending then, at such time, to cheat and defraud the plaintiff thereof. The defendant made a general assignment for the benefit of creditors to *A. J. Frame,* and the defendant and his said assignee both traversed the affidavit for the attachment, as to the grounds alleged therefor.

The issue so joined was duly tried before the court, and it was found: (1) That no representations of solvency were made by the defendant, whereby the credit for the sum of $1,046.10 was obtained by the defendant from the plaintiff. (2) That September 9, 1895, the defendant obtained from the plaintiff the sum of $750, upon the representation that he (the defendant) had large amounts of grain in his warehouse at Eagle, Wisconsin, which he would consign to the plaintiff in consideration of such advance; that in truth and in fact he had no such amount of grain in such warehouse as he represented to the plaintiff; that the value of the grain so had and possessed by the defendant was less than $300; that the representations so made by the defendant were with intent to deceive the plaintiff, and that the plaintiff believed in and trusted in the representations so made, by reason whereof he advanced to the defendant $750. (3) That the plaintiff was deceived thereby. (4) That the defendant had stored in the possession of the plaintiff a lot of wool, upon which the plaintiff had advanced moneys, the said moneys being a part and parcel of said sum of $1,046.10; that the net product of said wool was $548.03; that plaintiff was entitled to apply said sum upon the payment of said sum of

$1,046.10. (5) That after the levy of the attachment, and before the assignment for the benefit of his creditors by said J. A. Lins, he shipped and consigned to the plaintiff a car load of oats and a car of barley, which were sold by the plaintiff, and produced the net sum of $239.84, which sum of money the plaintiff now holds and possesses, and which should be applied in satisfaction of said sum of $750. (6) That there was due the plaintiff from the defendant, at the time of the making of the affidavit for attachment herein, the sum of $1,796.10. ·

The court found as conclusions of law: (1) That the allegations of the attachment as to the sum of $1,046.10 are not proven. (2) That the allegations of the affidavit for attachment as to the sum of $750 were fully proven, and that the plaintiff have judgment therefor, together with his costs and disbursements. Wherefore it is ordered that said attachment be, and the same is hereby, sustained, in the sum of $750; that there should be credited upon said sum the amount of $239.84; that said attachment be not sustained as to the sum of $1,046.10, but that plaintiff retain and apply upon said amount the sum of $548.03, the product of the sale of the wool; and that the plaintiff recover the costs of the attachment, taxed and allowed at $557.10.

It does not appear that there was any trial as to the merits of the demand upon which the suit was brought. At the close of the testimony the court made the order hereinbefore set forth, sustaining the attachment as to the $750, and dissolving it as to the remaining sum of $1,046.10; the defendant having asked "for an order sustaining the attachment as aforesaid, which motion was granted in part, and denied in part," and to which exception was taken. The plaintiff appealed from the part of the judgment or order in favor of the defendant, dismissing the attachment.

*Henry W. Dunlop*, for the appellant.

For the respondent *Frame* there was a brief by *Ryan & Merton*, and oral argument by *R. N. Austin* and *E. Merton*.

PINNEY, J. 1. Some question was made at the argument as to the sufficiency of the traverse of the affidavit, and of the right of the defendant's assignee to join in the same, but no question appears to have been made in that respect in the court below. In *Eureka Steam Heating Co. v. Slote-man*, 67 Wis. 119, it was held that, where both the assignor and his assignee for the benefit of creditors appear and traverse the affidavit for an attachment in an action against the former, the plaintiff is in no way prejudiced by the order making the assignee a party defendant and permitting him to traverse the affidavit. The traverse must therefore be held sufficient. The defendant had a right to traverse the affidavit, notwithstanding he had made an assignment of his property for the benefit of his creditors. *Keith v. Armstrong*, 65 Wis. 225. But, upon the traverse of an affidavit for an attachment, neither the alleged liability, nor the amount thereof, can be denied. R. S. 1878, sec. 2745; *Littlejohn v. Jacobs*, 66 Wis. 600. The so-called judgment, from a part of which the appeal was taken, was a mere order, and subject to appeal only as such. R. S. 1878, sec. 2746.

2. The finding upon the trial of the traverse was confined to the cause alleged for the attachment, namely, whether the indebtedness of the defendant to the plaintiff was fraudulently contracted; and there was no finding as to the allegation that *Lins*, the defendant, was about fraudulently to convey away, sell, and conceal his property, with intent to cheat and defraud his creditors. The case, in that respect, appears to have wholly failed. The bill of exceptions does not contain sufficient evidence to warrant a finding in support of such cause.

The issue in respect to whether the debt was fraudulently contracted extended to the entire indebtedness of $1,800 stated in the affidavit. We perceive no reason for holding that the cause for attachment in such case is not, so to speak, divisible,— that it may be proved and found to have existed

as to part of the debt, and not as to the remainder, as in the present case.    The court sustained the attachment as to the sum of $750, and ordered that it be not sustained as to the sum of $1,046.10; finding that the allegations of the attachment as to the sum of $1,046.10 were not proven, but were fully proven as to the said sum of $750.

The finding embraces cross demands between the parties, but there is no finding as to the amount due to the plaintiff upon the cause of action upon which he sued, nor was any judgment given on that question.    It was not within the scope of the issue under the traverse to establish or adjust the cross demands mentioned in the finding.    These questions could only properly be investigated and determined upon the trial of the issue as to the merits in respect to the plaintiff's cause of action.

3. The evidence fully sustains the allegation of the affidavit that the plaintiff's debt, as to the sum of $750, was fraudulently contracted.    The objective point of the plaintiff's appeal appears to be that part of the order made in favor of the defendant dismissing the attachment as to the $1,046.10.    The finding, as well as the evidence given at the trial, is decisive to show that as to said sum of $1,046.10 the attachment should not have been sustained; and to that extent it was properly dismissed, although rightly sustained as to the sum of $750.    The portion of the order appealed from by the plaintiff must be affirmed, and, as it is an appeal from a mere order, no exception to the order for that purpose was necessary.    *Williams v. Holmes,* 7 Wis. 168; *Tubbs v. Doll,* 15 Wis. 640; *Dunbar v. Hollinshead,* 10 Wis. 505; *L. A. Shakman & Co. v. Koch,* 93 Wis. 598; R. S. 1878, sec. 3069, subd. 3.

*By the Court.*— The part of the order of the circuit court appealed from is affirmed.