Gager and others vs. Bank of Edgerton and others: Hartzheim's Appeal.

GAGER and others vs. BANK OF EDGERTON and others:
HARTZHEIM'S APPEAL.

*December 21, 1898 — January 10, 1899.*

*Banks and banking: Insolvency: Creditors' remedies: Exclusive action.*

An action commenced by a creditor and stockholder against an insolvent bank alone, under secs. 3218, 3219, R. S. 1878, for the appointment of a receiver and the settlement of its affairs, in which the complaint does not allege that it is brought on behalf of all creditors, but prays that they may be required to become parties, is the exclusive action in which all creditors must seek their remedy, and in which not only the assets of the bank are to be administered but also the liabilities of officers and stockholders are to be ascertained and enforced. Although not originally brought against officers and stockholders, yet they could be brought in when deemed necessary, and another creditor will not be permitted to bring a new action to reach the same result.

APPEAL from an order of the circuit court for Rock county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

This is an appeal from an injunctional order made *pendente lite.* The facts upon which the order was made were as follows: On the 19th of October, 1897, the Bank of Edgerton was a state banking corporation which had been doing business at Edgerton for a number of years. On that day the bank closed its doors, and one *Marsden,* a stockholder in the bank, brought an action in equity against the bank alone, alleging it to be insolvent and praying the appointment of a receiver with the usual powers to collect and dispose of its assets among the creditors. Upon this complaint, and upon the same day, one *L. H. Towne* was appointed receiver, and immediately entered on his duties. On November 1st following, upon the application of the receiver, an order was made by the court requiring all creditors of the bank to file their claims and become parties to the action on or before May 10, 1898; and the bank and its officers were enjoined

from exercising any corporate rights and doing any banking business, and creditors were also enjoined from commencing any proceedings against the bank to collect their claims. On the 8th day of November, *Marsden* amended his complaint by adding an allegation to the effect that he was a creditor of the bank in the amount of $38.34, as well as a stockholder therein, and also adding to the prayer for relief, among other things, a prayer that all creditors be required to file their claims in the action and become parties thereto.

On November 20, 1897, the appellant, *Hartzheim*, who was a creditor of the bank to the amount of $512.14, commenced an action in equity on behalf of himself and all others similarly situated against all the officers and directors of the bank, and on December 2d he amended his summons and complaint by making all the stockholders parties thereto. The amended complaint alleged insolvency of the bank since 1888, and that such insolvency was known to the directors of the bank. It also contained allegations charging the officers of the bank with misfeasance and malfeasance, consisting of gross neglect of duty in allowing the funds of the bank to be squandered and loaned to irresponsible parties, in permitting the cashier to embezzle and steal large sums of money and to pay exorbitant rates of interest to depositors, in making fraudulent reports to the state treasurer as to the condition of the bank, and in declaring dividends knowing the bank to be insolvent. It also contained allegations charging liability of the stockholders in not paying their subscriptions for stock, and for receiving dividends when the bank was insolvent. The amended complaint further alleged that the *Marsden* suit was collusive, and brought for the purpose of shielding the officers and directors of the bank from liability; and it prayed for a stay of proceedings in the *Marsden* case until the determination of the *Hartzheim* action, or that the two actions be consolidated, and that the defendants be adjudged to be indebted to the plaint-

iff, and to all creditors who may become parties to the action, to the amounts of their respective claims, and such further proceedings had as are in accord with the statute, and for an injunction against all other actions by creditors.

On the 27th of November, 1897, *C. M. Gager* and about twenty others, who alleged themselves to be creditors of the bank to an amount aggregating nearly $60,000, made a petition to the court in the *Marsden* action, alleging their character as creditors, setting forth the names of the stockholders, and alleging that the bank had been insolvent since January, 1885, and was known so to be by the directors. This petition also alleged negligent management by the directors, and facts showing statutory and common-law liabilities on the part of the directors and stockholders, substantially like the charges contained in the *Hartzheim* action; prayed that they be made plaintiffs in the *Marsden* action, and that *Marsden* and all the directors and stockholders be made defendants therein, and that the complaint therein be amended so as to charge the various liabilities of directors and stockholders as alleged in the petition, and that the petitioners be allowed to recover against said directors and stockholders on account of such liability in said action.

Upon the hearing of this petition the appellant, *Hartzheim*, voluntarily appeared and was heard, and an order was made that the petitioners, *C. M. Gager* and others, be made plaintiffs in the *Marsden* action, and that *Marsden* be made a defendant therein, and that all the creditors of the bank who have proved their claims be also made parties plaintiff, and that the petitioners be authorized to amend the complaint, and to join all officers and directors of the bank as defendants, alleging all the facts showing liability upon their part, and that the *Hartzheim* action be enjoined and restrained from further prosecution, but that *Hartzheim* be allowed to come into the *Gager* action with all the privileges of a party thereto. From that part of the order enjoining the prosecution of his action *Hartzheim* appeals.

For the appellant there was a brief by *Felker, Doe & Felker,* and oral argument by *J. B. Doe.*

For the respondents there was a brief by *Sutherland & Nolan* and *Olin & Butler,* attorneys for the creditor respondents; a brief by *Jackson & Jackson,* attorneys for the receiver, *L. H. Towne;* and oral argument by *H. L. Butler, J. M. Olin, A. A. Jackson,* and *M. G. Jeffris.*

WINSLOW, J. ͵ The question presented is whether the circuit court was right in holding that the action commenced by *Marsden,* which was at first an action against the bank alone, is the exclusive action in which not only the assets of the bank are to be administered but also the liabilities of officers and stockholders are to be ascertained and enforced, or whether the court should have held that *Hartzheim's* action is the proper action in which the liabilities of officers and stockholders are to be enforced. This question seems to be satisfactorily answered in accordance with the ruling of the circuit court by the case of *Hurlbut v. Marshall,* 62 Wis. 590. That case was originally brought by a creditor against an insolvent banking corporation alone, seeking simply to administer the assets of the bank. It was plainly brought under secs. 3218, 3219, R. S. 1878. Afterwards, however, the complaint was amended, the officers and stockholders of the bank were made parties, and apt allegations were made seeking to charge the stockholders and officers with various statutory and common-law liabilities; and upon demurrer this court said, in substance, that the action so commenced was the exclusive action, and that all creditors must seek their remedy therein, and that the various liabilities of officers and stockholders must be enforced in this one suit. This conclusion is more or less strongly supported, also, by the conclusions reached in the following cases in this court, viz.: *Ballin v. Loeb,* 78 Wis. 404; *Ford v. Plankinton Bank,* 87 Wis. 363; and *In re Oshkosh Mut. F. Ins. Co.* 77 Wis. 366.

The amended complaint in the case of *Marsden* against

the bank was almost identical with the first complaint in the case of *Hurlbut v. Marshall*. It showed that it was brought by a creditor as well as a stockholder of the bank, and it sought to administer and wind up the affairs of the bank. It did not contain a distinct allegation that it was brought on behalf of all creditors, but it prayed that all the creditors might come in and be made parties and receive dividends; and, moreover, being an action under secs. 3218 and 3219, *supra*, it was necessarily for the benefit of all the creditors who chose to come in and prove their claims, and could not be otherwise. Now, although when *Hartzheim* commenced his action no officers or stockholders had yet been made defendants in the *Marsden* action, nor had they been charged with any liability, still the action was one in which such additional defendants could be brought in and their liability ascertained and enforced at any time when it appeared to be necessary; and this might be done on motion of a creditor who had become a party to the action by proving his claim, and even after judgment against the corporation. Stats. 1898, secs. 3221, 3222. Thus, the action of *Marsden* against the bank was at the time of the commencement of the *Hartzheim* action *potentially* an action to enforce all the obligations of the officers and stockholders to the creditors which may be enforced by a creditors' action in equity, and it was undoubtedly the proper course for a creditor to come into that action to obtain his relief. Furthermore, a receiver had already been appointed to the *Marsden* action, and was in possession of the property of the bank, and was administering it. To hold that *Hartzheim* might begin and maintain another action to reach the same results which might be readily reached in the action already pending would be to add confusion to that which was already sufficiently confused. *One* action to enforce the various liabilities of officers and stockholders will present difficulties amply sufficient to test the learning and business ability of the court and its

officers. The remarks made by Chief Justice COLE in the case of *In re Oshkosh Mut. F. Ins. Co.* 77 Wis. 366, are quite to the point here. He says on pages 369 and 370: "Different suits brought to secure the same ends are always considered objectionable. It would be especially so in this litigation, to have different receivers appointed to take charge of the same estate, dispute and wrangle over its control, disposition, and management, and increase the expense and cost of settling it, for no useful purpose whatever. Confusion and conflict would inevitably arise between the receivers in the transaction and adjustment of the affairs of the corporation, and this is to be avoided, if possible." The order appealed from provides that *Hartzheim* be permitted to come into the *Gager* action as a party, with all the rights and privileges of a party. So his rights are fully preserved. The order of the circuit court, enjoining the prosecution of the *Hartzheim* action, and requiring all the creditors to come into the *Gager* action to seek their remedies, was plainly right.

*By the Court.*— Order affirmed.

BARDEEN, J., took no part.