(84 N. W. Rep. 363.)

---

THOMAS BOLTON *vs.* C. C. DONAVAN, *et al.*

Opinion filed November 9, 1900.

**Parties Defendant—Appealable Order.**

This action is instituted for the recovery of money only, and was originally commenced against C. C. Donavan as sole defendant. Upon an application made to the trial court by said defendant, which was opposed by the plaintiff, the trial court, by its order, directed that the defendant the John Miller Company be brought into the action as an additional defendant. *Held,* that said order was error, construing sections 5230, 5238, Rev. Codes 1899. In such actions the plaintiff cannot be compelled to litigate his claim as against a party he has not chosen to sue.

**Bringing in Additional Party Defendants.**

*Held,* further, that said order bringing in the additional party defendant is one which "involves the merits," within the meaning of section 5626, Rev. Codes 1899, and hence is appealable under said section.

Appeal from District Court, Walsh County; *Sauter, J.*

Action by Thomas Bolton against C. C. Donavan and the John Miller Company. From an order bringing in defendants, plaintiff appeals.

Reversed.

*Spencer & Sinkler,* for appellant.

*H. A. Libby,* for respondents.

WALLIN, J. The facts embraced in this record which we regard as decisive of this appeal are briefly as follows: The action is brought to recover an alleged balance of $732.95, which the plaintiff alleges is due to him from the defendant C. C. Donavan on account of certain grain which the plaintiff avers was his property, and which the defendant Donavan, as plaintiff alleges, sold, and failed to account for except in part. The defendant Donavan answered the complaint and set out various matters as a defense to plaintiff's cause of action; and said defendant, in his prayer for relief, demanded that said action be dismissed as to him, and that a certain corporation, viz: the John Miller Company, of Duluth, Minn., be made a party defendant herein. A motion was made in the District Court in behalf of the defendant Donavan for an order bringing said John Miller Company into the action as a party defendant. Said motion was heard upon the pleadings and certain affidavits and counter affidavits, and thereupon said court, by its order, granted the motion, and directed that all subsequent proceedings herein be had in the name of Thomas Bolton, plaintiff, against C. C. Donavan and the John Miller Company, a corporation of Duluth, Minn. The plaintiff objected to the order upon certain grounds, and excepted to the action of the court in granting the same. The objections and the exception were duly brought up on the record, whereupon the plaintiff appealed from such order to this court.

In this court we are to inquire, first, whether the order is an appealable order. The order is strictly interlocutory, and it is well settled that such orders cannot be reviewed by appeal prior to the entry of judgment, in the absence of a statute granting an appeal therefrom. Upon authority the question of the appealability of this class of orders is much embarrassed by the great number of cases arising under statutes which, while they are similar to each other in many features, are often dissimilar in some particulars. Each case must, therefore, be governed by the statute under which an appeal has been taken or attempted. In this case the question presented is governed by section 5626, Rev. Codes 1899. This section embraces five paragraphs or subdivisions numbered from 1 to 5, inclusive. Subdivisions numbered 2, 3 and 5 may be dismissed from consideration, because they are obviously inapplicable to the order in question. To be appealable, therefore, the order must be classified with those enumerated or referred to in either the first or fourth subdivision of the section. It is the claim of counsel for the appellant that an appeal will lie under both of said subdivisions, but we cannot yield assent to this broad claim. We can readily understand how an order bringing into an action an additional party may greatly embarrass the plaintiff in prosecuting his action, as such an order may operate to introduce new issues and complications which are wholly foreign to the plaintiff's cause of action against the original defendant. This would be the prob-

able result in actions at law for the recovery of money only. For this reason we concede that the order in question affected a substantial right of the plaintiff; *i. e.* a right to prove his case against the defendant, whom the plaintiff has sued, and as to whom alone the complaint alleges a cause of action. But under subdivision 1 of section 5626 it is not enough that an order affects a substantial right. To be appealable under subdivision 1, two other elements are made essential The order must, first, be of such a character as to "determine the action," and, second, must so operate as to "prevent a judgment from which an appeal might be taken." To our minds, it is too clear for discussion that the order in question does not fall within subdivision 1. It does not purport to determine the action, either upon the merits, or upon technical grounds, or at all; nor does the order, in our judgment, have any such practical effect upon the action. It is equally obvious that the order does not, in its terms or in its effect, so operate as to prevent the entry of a final judgment from which an appeal might be taken.

The remaining and more difficult question is whether the appeal can be upheld under subdivision 4. This subdivision grants an appeal from an order "when it involves the merits of an action, or some part thereof." We have reached the conclusion that the order is appealable under subdivision 4. The cases which we cite below from Wisconsin, Minnesota, and South Dakota in support of this view all arose under statutes identical in terms with that above quoted from subdivision 4. The crucial question in all of said cases is whether the order "involved the merits," and a solution of this question necessitated a construction of the meaning of the phrase "involves the merits.' The term "merits" as used by the profession, when applied to actions, usually denotes the subject or ground of an action as stated in the complaint, or the grounds of defense as stated in the answer; and a trial of the merits of an action generally means the elicitation of evidence in support of the averments of fact set out in the pleadings. But the courts, in construing statutes governing appeals from interlocutory orders, have frequently enlarged this meaning, and have held that the phrase "involves the merits" must be so interpreted as to embrace orders which pass upon the substantial legal rights of the suitor, whether such rights do or do not relate directly to the cause of action or subjectmatter in controversy. See *Insurance Co.* v. *Morrison,* 56 Wis. 133, 14 N. W. Rep. 12; *Clark* v. *Langworthy.* 12 Wis. 442; *Tubbs* v. *Doll,* 15 Wis. 640; *Schaetzel* v. *City of Huron* (S. D.) 60 N. W. Rep. 741; *Railroad Co.* v. *Gardner,* 19 Minn. 132 (Gil. 99); *Bingham* v. *Board,* 6 Minn. 136 (Gil. 82). See Rev. St. Wis. 1878, p. 799, § 3069, subd. 4; also 2 Gen. St. Minn. 1894, p. 1659, § 6140, subd. 3; also Comp. Laws Dak. § 5236, subd. 4. As to what is comprised or embraced in the phrase in question, see the reasoning of the court in *St. John* v. *West,*

N. D. R.—37

4 How. Prac. 329. See, also, the following cases from New York: *Chapman* v. *Forbes*, 123 N. Y. 532, 26 N .E. 3; *In re Butler*, 101 N.. Y. 307, 4 N. E. 518; *Kain* v. *Delano*, 11 Abb. Prac. (N. S.) 29; *Platt* v. *Platt*, Id. 110. In *Insurance Co.* v. *Morrison* the trial court, in an order to foreclose a mortgage, made an order bringing in a stranger who claimed an adverse and paramount interest in the premises, as a party defendant. This order was reviewed in the Supreme Court on appeal therefrom, and the appealability of the order was expressly placed upon the ground that it "involved the merits," and this in a case where it was ruled that rights which are senior to and adverse to the mortgage cannot be litigated in an action to foreclose except by consent. In *Clark* v. *Langworthy* the trial court held that an order refusing to make a complaint more definite was appealable, and in *Mattson* v. *Curtiss* it was ruled that an order allowing a defendant to file a supplemental answer is appealable, and in *Tubbs* v. *Doll* the court held that an order denying a motion to bring in an additional party defendant in a foreclosure action is appealable. In the case from South Dakota (60 N. W. Rep. 741), the trial court made an order before trial which, in its effect denied the intervener's application to withdraw from the action on payment of costs. The order was held to be appealable as an order involving the merits, despite the fact that the effect of the same was simply to compel the intervener to continue in the action as a party, and litigate his rights. The order did not refer to the subject of the action, or to the facts or merits as averred in the intervener's complaint. The case of *Chapman* v. *Forbes* is much in point. In that case an appeal was taken from an order granting a motion made in the trial court by the defendant to bring a party into the action as an additional defendant. The court of appeals held that the order was reviewable on appeal therefrom, and this because it compelled the plaintiff in an action at law to litigate his case against a party whom he had not sued. This order did not purport to relate to the merits in the ordinary sense in which that term is used by lawyers. It simply directed that an additional party should be brought into the action. Under a statute which gave the right to appeal from an order "affecting a substantial right," it was held in New York that an order of reference made in a case where no reference could lawfully be made was appealable. See *Kain* v. *Delano,* supra; also, *Platt* v. *Platt,* supra, where an order directing the inspection of partnership account books was adjudged to be an appealable order. Under the authority of these adjudications we shall be constrained to hold that the order in question involves the merits, and is an appealable order; but there is another consideration which leads to the same conclusion. In our opinion, the order is one which involves the merits in the sense illustrated in the cases cited, and yet is not one which "necessarily affects the judgment." If we are correct in this interpretation of the statute, the order could not be reviewed in this court upon appeal from final judgment. See section 5627,

Rev. Codes, 1899. It would follow, of course, that, unless this important order can be reviewed by an appeal taken from 'the order itself, under section 5626, supra, there can be no review of the order at all. To so rule would, in our judgment, violate both the letter and spirit of the statutes governing the appellate jurisdiction of this court. It is, perhaps, needless to add that all of the authorities concur in holding that the statute regulating appeals from interlocutory orders do not sanction an appeal from rulings made at the trial upon mere questions of practice; such as those made upon the admissibility of the evidence, and like practice questions. These are reviewable in another mode. This brings us to a consideration of the order upon its merits. Counsel for the defendant C. C. Donavan contends that the order can be sustained under either section 5230 or 5238, Rev. Codes 1899. The contention of respondents' counsel seems to be that the John Miller Company either has or claims to have an interest in the subject of the action, and that such interest is not only adverse to the plaintiff, but is likewise exclusive as to Donavan. But, if this assumption is sustained by the facts appearing of record, it goes no further than to show that the plaintiff has sued the wrong defendant Under section 5230 any person who has or claims an interest in the controversy which is adverse to the plaintiff may be made a defendant; but this section nowhere lends sanction to the idea that a plaintiff in an action at law, who has sued the wrong defendant, may either upon his own application or upon that of the defendant, obtain an order of court bringing in a stranger as an additional defendant. Said section does not relate to bringing in additional defendants by an order of court. Section 5238 voices a rule which has always obtained in courts of chancery. Under this rule a court of equity will refuse to determine a controversy as between parties who are in court, unless it can be done without prejudice to the rights of others who have not been made parties. As has been seen, this case is strictly an action at law for the recovery of money only. The plaintiff's complaint nowhere suggests that the John Miller Company is liable to plaintiff on account of the wheat which the plaintiff alleges that Donavan sold under plaintiff's direction, and has not accounted for the proceeds to the plaintiff. The defendant seeks to avoid liability on the ground that whatever liability may exist in favor of plaintiff on account of the sale of the grain is a liability of said company alone. It is obvious, therefore, that no interest of the John Miller Company is involved, or can be prejudiced by any determination of the issues made in the pleadings as between plaintiff and Donavan. Donavan can obtain a judgment of dismissal by showing that he is not liable on account of the wheat or the sale thereof, and to do so any testimony tending to show that the John Miller Company alone is liable to plaintiff would be competent. In *Chapman* v. *Forbes* 123 N. Y. 532, 26 N. E. Rep. 3, the court holds that in an action at law for the recovery of and only a money judgment the plaintiff cannot be compelled to bring in other parties whom he has not seen fit to sue.

See *Cohen* v. *Lane* (Sup.) 4 N. Y. Supp. 228; *Webster* v. *Bond,* 9 Hun. 437. Also, *Osterhoudt* v. *Board,* 98 N. Y. 239. Our conclusion is that the order appealed from was made without legal authority, and hence must be reversed, and that said order is an appealable order. All the judges concurring.