· HERMAN, Appellant, vs. FELTHOUSEN, imp., Respondent.

*April 23—May 13, 1902.*

*Pleading: Joinder of causes of action: Foreclosure of mortgages:
Priority of liens: Paramount title: Merger.*

1. The test of whether more than one cause of action is stated or
attempted to be stated in a complaint is not whether there are
different kinds of relief or objects sought, but whether there is
more than one primary right sought to be enforced or one sub-
ject of controversy presented for adjudication.

2. The complaint in an action to foreclose a mortgage, in addition
to the usual averments, alleged that a prior mortgage had been
given to one K. for the benefit of defendant F., who furnished
the whole consideration, and that F. was the owner of said
prior mortgage when, subsequently, the legal title to the land
was conveyed to him in satisfaction of the mortgage debt. In
addition to the usual relief, judgment was asked that the K.
mortgage be declared extinguished and that plaintiff's mort-
gage be declared to be the first mortgage lien on the property.
*Held,* that the allegations mentioned did not attempt to state
a separate cause of action against F., involving either a ques-
tion of paramount title or a question of merger by implication,
but merely called for a determination, essential to complete
relief, of a question of priority of liens, depending on whether
or not the prior mortgage had in fact been paid as alleged.

APPEAL from an order of the superior court of Milwau-
kee county: ORREN T. WILLIAMS, Judge. *Reversed.*

Action to foreclose a mortgage. The complaint was in the
ordinary form. It stated, among other things, that the mort-
gage was given by defendant Reigh March 2, 1896, to secure
the payment of an indebtedness of $900 and interest, evi-
denced by a promissory note due three years after the date
thereof; that the mortgage was so executed that it was en-
titled to record; that it was duly recorded; that it was sub-
sequently assigned to plaintiff; that he was the owner thereof
at the time of the commencement of the action; and that
defendant *Felthousen,* when the action was commenced, was
the owner of the fee title to the property. In addition to the

allegations necessary to a cause of action to foreclose the mortgage the complaint contained allegations to this effect: December 17, 1895, prior to the making of the mortgage in suit, Reigh and wife placed a mortgage on the property described in the complaint in favor of Sanford V. Kline, to secure payment of $4,000 in three years, with interest at the rate of seven per cent. per annum payable semi-annually. It was made for the benefit of the defendant *Barrent W. Felthousen,* who furnished the entire consideration therefor. He was the owner thereof until the same was extinguished as hereinafter stated. Subsequent to the execution of said mortgage, the mortgaged premises were conveyed to one Herman W. Koehler, who thereafter conveyed the same to defendant *Felthousen* in satisfaction of the mortgage debt. The prayer for judgment, in addition to the usual relief, asked that the Kline mortgage be declared extinguished, and that plaintiff's mortgage be declared to be the first mortgage lien upon the property affected thereby.

Defendant *Felthousen* demurred to the complaint upon the theory that the special allegations in regard to the $4,000 were intended by the pleader as a second cause of action against him alone. The grounds of the demurrer were as follows: As to the second cause of action, so called, sufficient facts are not pleaded to constitute a cause of action. As to the complaint as a whole, several causes of action have been improperly joined therein. The demurrer was sustained, and plaintiff appealed.

For the appellant there was a brief by *Hoyt & Olwell,* and oral argument by *L. A. Olwell.*

*Edgar L. Wood,* for the respondent.

MARSHALL, J. The complaint seems to present the ordinary case of a person seeking to foreclose a mortgage, and, as a necessary part of full relief, to have the status of the mortgage lien determined as regards hostile claims of prior-

ity not based on paramount title.  There is nothing in the
form of the complaint to indicate that the purpose of the
pleader was to state a cause of action to foreclose a mortgage
and a separate cause of action for relief against the hostile
claim of a prior mortgage.  All the facts in regard to both
mortgages are stated in form as constituting one cause of ac-
tion, and appropriate relief is asked for upon the theory that
appellant's mortgage is unaffected by the ostensible prior
mortgage.  Respondent's counsel viewed the complaint as if
the pleader intended thereby to state two causes of action,
and attacked it, first, because the cause of action, so called,
as to respondent was incomplete, and second, because if re-
spondent was wrong on that proposition, then two causes of
action were improperly joined.  Appellant's counsel seem to
have concurred in that view in the contest in the court below,
and they adhere to that concession on this appeal.  They in-
sist that whether the court below held that the second cause
of action, so called, was imperfectly stated, or to the contrary
and that two causes of action were improperly joined, the de-
cision is erroneous.  Just how the trial court reasoned in
reaching the conclusion which resulted in the order com-
plained of does not appear.

Counsel for both sides, and the circuit court as well, mis-
conceived the character of the complaint.  That seems to have
come about from an erroneous view of what may be legiti-
mately included in a single cause of action in equity.  The
test to be applied in order to determine whether a complaint
states more than one cause of action, is whether, looking at
the whole pleading, there is more than one primary right
presented thereby for vindication.  There may be many
minor subjects, and facts may be stated constituting inde-
pendent grounds for relief, either as between the plaintiff
and all the defendants, or the former and one of the latter,
or between defendants, and there be still but a single primary
purpose of the suit, with which all the other matters are so

connected as to be reasonably considered germane thereto,—
parts of one entire subject, presenting to the court but one
primary ground for invoking its jurisdiction. That was the
rule before the Code, and it was preserved thereby in unmis-
takable language, as this court has said on many occasions.
*Bassett v. Warner,* 23 Wis. 673; *Gager v. Bank of Edgerton,*
101 Wis. 593, 77 N. W. 920; *Gager v. Marsden,* 101 Wis.
598, 77 N. W. 922; *Zinc C. Co. v. First Nat. Bank,* 103
Wis. 125, 79 N. W. 229. In the last case cited the rule is
stated thus:

"The test of whether there is more than one cause of ac-
tion stated or attempted to be stated in a complaint is not
whether there are different kinds of relief or objects sought,
but whether there is more than one primary right sought to
be enforced or one subject of controversy presented for ad-
judication."

There is very little need for going outside the statutes to
discover that such is the law.

"The complaint shall contain . . . a plain and con-
cise statement of the facts constituting each cause of action."
Sec. 2646, Stats. 1898.

"Any person may be made a defendant who has or claims
an interest in the controversy adverse to the plaintiff, or
who is a necessary party to a complete determination or set-
tlement of the questions involved therein." Sec. 2603.

Each defendant, in addition to taking issue with one or
more of the allegations of the complaint by answer, may
plead new matter constituting a defense or counterclaim to
the plaintiff's cause of action, even though that involves a
controversy between defendants. Sec. 2655. Issues may be
joined between defendants, if necessary for the trial of the
matters so presented to the court, and the whole subject of
the action, including all the incidental controversies, may be
closed by a single decree, so framed as to give to the plaintiff
and to each defendant his appropriate relief. Sec. 2883.

Applying the foregoing to the pleading before us it is read-

ily seen that it states but one cause of action, and that the demurrer was improperly sustained. It presented to the court for adjudication but one subject or primary right,— the right to enforce the mortgage security owned by plaintiff to its full extent. That object reached all persons so circumstanced as to be entitled to redeem from plaintiff's mortgage, and all persons wrongfully claiming superior rights. The adjudication of such pretended superior rights was germane to the single purpose of the full enforcement of the plaintiff's mortgage. The mere general allegation to the effect that defendants have or claim to have rights or interests in the premises, but that such rights or interests, if any there be, are subject to the plaintiff's mortgage, only reached interests entitling the possessors thereof to exercise the right of redemption. A prior incumbrancer, made a party defendant, is not put to his defense to maintain his right of priority by such general allegations. *Strobe v. Downer,* 13 Wis. 10. He may properly assume that his position in that regard is not contested unless facts are specifically stated indicating to the contrary. Such facts, as to respondent, were set forth in the pleadings in question. Complete relief to appellant, as to the manifest single purpose of his suit, requires a determination of whether the $4,000 mortgage referred to in the complaint was in fact paid as alleged.

The pleading presents for consideration no question of paramount title, as counsel for respondent seems to suppose, citing *Hekla F. Ins. Co. v. Morrison,* 56 Wis. 133, 14 N. W. 12, and similar authorities. There is no dispute here, rightly speaking, as to the title. Priority of liens on title does not involve questions of conflicting titles. Neither is there any question presented by the complaint as to merger by implication, as counsel for respondent seems to think, citing *Webb v. Meloy,* 32 Wis. 319, and like authorities. The allegations of the complaint are to the effect that the legal title to the property was conveyed to respondent in payment and satis-

faction of the $4,000 mortgage. If that allegation is true, plaintiff is entitled to have his mortgage stand as a lien upon the property covered thereby the same as if the $4,000 mortgage never existed.

*By the Court.*—The order appealed from is reversed, and the cause remanded for further proceedings according to law.