260 DEGRAFFENREID v. ST. LOUIS SOUTHWESTERN R. CO. [66

affairs of the firm, with the debts of the co-partnership, and any balance that may be due from one partner to the other. If the realty be acquired in such manner as to make its owners tenants in common, other than that arising from or growing out of the partnership, in such cases the widow is entitled to dower; otherwise, if acquired with partnership funds. *Drewry* v. *Montgomery*, 28 Ark. 256. This land was purchased, as appears from the evidence, during the partnership, with partnership funds, for the use of the partnership, and the deed was taken to Cotton Bros. & Co., and it does not appear that there was any agreement that it should be held for the separate use of the partners. It was sold as partnership property while the partnership existed, and the proceeds of the sale were turned into the firm. The widow was therefore not entitled to dower in the lands involved in consolidated case No. 3672, and the decree in that case is affirmed. *Ferguson* v. *Hanauer*, 56 Ark. 179; *Howard* v. *Priest*, 5 Metc. (Mass.) 585; *Dyer* v. *Clark*, 5 *id*. 562.

BUNN, C. J., and WOOD, J., dissenting.

---

DEGRAFFENREID *v.* ST. LOUIS SOUTHWESTERN RAILWAY COMPANY.

Opinion delivered March 11, 1899.

CONTRACT—CONSTRUCTION.—A contract whereby a plaintiff in a suit conveyed to his attorneys a half interest in any judgment he might recover therein does not convey any interest in plaintiff's cause of action, nor confer upon such attorneys any right to question the good faith of any settlement which plaintiff may make with defendant before a judgment is recovered. (Page 263.)

Appeal from Nevada Circuit Court in Chancery.

RUFUS D. HEARN, Judge.

### STATEMENT BY THE COURT.

Nettie Brownlow sued the railway company for personal injuries. The issues were made up, and the cause was trans-

ferred to the equity docket, where it had progressed to sub-mission, but, before a decree was rendered, the railway company settled with the plaintiff, and secured her written authority to dismiss her suit. Thereupon, the railway company filed its motion to dismiss, and the appellants, who were plaintiff's attorneys, filed their intervention, and resisted appellee's motion to dismiss. The intervention set up, *inter alia*, that interveners were employed by the plaintiff to take charge of her claim against the railway company for personal injuries, and that they were to have full power to enter suit or compromise the same as they might deem best, and as compensation therefor were to receive a one-half interest in said claim. This was the verbal agreement of interveners with plaintiff, and in addition to this they allege that plaintiff executed to interveners a written transfer of a one-half interest in her suit and any judgment she might recover therein. They show that, in pursuance of the agreement with plaintiff, they instituted suit against the railway company, and conducted same, doing all the labor incident thereto, down to the time the cause was submitted to the chancellor for decision, and to the filing of the motion to dismiss. They set up the in-solvency of the plaintiff, show the unpaid costs in the case to be $28.75, for which they allege interveners were liable; also allege that there were additional costs and expenses amounting to $139.55, which plaintiff had promised to pay. They set up that the releases obtained by the railway in settlement of plain-tiff's demand were without the knowledge and consent of the interveners, and that the railway well knew at the time that in-terveners owned a one-half interest in the suit, and were working for a contingent fee of one-half the amount that might be recovered; also knew that interveners had advanced large sums of money to plaintiff as aforesaid in procuring evidence, etc. They charge that the settlement was collusive, and made with the intent to cheat and defraud interveners. They allege the justness of plaintiff's claim, saying she was entitled to receive $25,000, whereas she in fact only received $150. Their prayer was that the suit be not dismissed, and that the court should render a decree upon the merits, and that interveners recover against the defendant the sum of $12,500, and all costs, and for general and special relief, such as the equities require. A demurrer and answer

were interposed by the railway company. The answer denied all material allegations. The cause was heard upon all the pleadings and depositions, and the court rendered the following decree: "The court is of opinion that said interveners are not entitled to prosecute this cause upon their intervention, except for the purpose of collecting the taxable costs in this case, amounting to the sum of $50.55, which amount the St. Louis Southwestern Railway Company now pays into court, but the interveners refuse to accept the same or any part thereof. And it is considered, ordered and adjudged by the court that said intervention be dismissed for want of equity, and that the whole case be dismissed." The interveners only appealed. Such facts as may be necessary will be stated in the opinion.

*Tompkins & Greeson* and *Scott & Jones*, for appellants.

Where parties collusively compromise a cause out of court, for the purpose of defrauding the attorney, he is entitled to prosecute the suit, and if he establishes a cause of action on the suit as it originally stood, he is entitled to recover his costs. 22 N. E. 361; 12 Ark. 144; 1 Am. & Eng. Enc. Law, 972; Jones, Liens, § 204; 17 N. Y. L. 438; 22 Wis. 453; 27 N. H. 324; 40 S. W. 1065. Notice of the contract of appellants, given to attorneys of the defendant corporation, put it on notice. 25 Ia. 464; 45 N. W. 744; Whart. Ag. 584. Where defendant colludes with plaintiff to cheat the latter's attorney out of his fee, the defendant is not protected in making the payment by want of notice of the attorney's lien. 2 Ark. (Vt.) 162; 17 N. Y. 438; 22 Wis. 433; 32 Abb. Pr. 323; 1 Jones, Liens, § 203; Weeks, Attorneys, 377, 379.

*Sam H. West* and *John T. Sifford*, for appellee.

Fraud is never presumed. 11 Ark. 378; 38 Ark. 419; 17 Ark. 151; 22 Ark. 184; 20 Ark. 216. The attorney's contract to sue for personal injuries and pay costs for a contingent fee was void. 41 L. R. A. 520; 49 N. E. 22. It was void as to the agreement not to compromise. Greenhood, Pub. Pol. 774; 25 Ia. 487; 21 Ia. 523; 15 Ohio, 715. The attorney had no lien before judgment. Jones, Liens, § 193; 1 Pars. Cont. 116; 3 *id.* 629; 13 Fed. 215. As to general right of litigants to settle without consent of attorneys, see 14 N. W. 617; 71 N

Y. 443; 62 Barb. 500.   In the absence of proof, the laws of Texas are presumed to be the same as in our state.   58 Ark. 26; 50 Ark. 237.   Independent of statute, the cause was not assignable in Texas.   62 Tex. 247; 30 S. W. 684; 25 S. W. 1024.   Since attorney's fees are not taxable as costs, appellant has no claim in this case.   71 N. Y. 443; 15 Am. & Eng. R. Cas. 383.

WOOD, J., (after stating the facts.)   The decree that interveners were not entitled to prosecute this suit upon their intervention was correct.   Appellants do not show that they have any interest, legal or equitable, in plaintiff's claim for damages. The instruments under which appellants claim a half interest in the suit and in any judgment she might recover therein is as follows:

"State of Texas, County of Gregg:   Know all men by these presents that I, Nettie King, of Henderson county, Texas, for and in consideration of the services rendered and to be rendered by DeGraffenreid & Young, a firm composed of R. C. DeGraffenreid and Ras Young, of Longview, Texas, have granted, sold and conveyed, and do by these presents grant, sell and convey, unto said DeGraffenreid & Young, a one-half interest in any judgment I may recover in my suit against the St. Louis Southwestern Ry. Co., said suit being in the circuit court of Nevada county, Arkansas, at Prescott, Arkansas, and they, the said DeGraffenreid & Young, are hereby authorized and empowered to collect all of any judgment that I might recover of and from said railway company, and they are hereby authorized and empowered to collect all of my interest in any judgment that might be rendered in my behalf against said St. Louis Southwestern Railway Company as my attorneys.   Witness my hand this 10th day of October, 1895.

                                                "NETTIE KING.
Witnesses:                          "L. R. COLEMAN,
                                                "W. E. BEALL."

This instrument does not purport to convey anything but a half interest in "any judgment" that might be recovered. No judgment was ever recovered, and appellants acquired nothing under the assignment, even if it had been executed and ac-

knowledged as the Texas statute requires. As appellants had no interest in the plaintiff's cause of action, they cannot complain of any settlement she might choose to make before the suit had progressed to judgment. Appellants had no lien. Appellants' counsel concede that, prior to judgment, an attorney has no interest in the cause of action that would enable him to prevent any *bona fide* settlement by the client. Having no interest in the cause of action, it follows, from what we said in *Davis* v. *Webber, ante,* p. 190, that the attorney has no right to question the *bona fides* of any settlement made between the plaintiff and the defendant. This much as to the question of collusion and fraud, as it affects the claim for fees. So far as the question of costs is concerned, the court rendered judgment for the interveners for the taxable costs in the case. This they refused to accept. The railroad has not appealed, and therefore the correctness of the court's judgment in this respect is not questioned. The appellants cannot complain of a judgment for this amount in their favor. Even if they could, under certain circumstances, ask for this much, which we do not determine, they certainly could not ask for anything more.

Finding no error in the decree of the court, it is in all things affirmed.

BUNN, C. J., disqualified.