## S. Paul Paulson v. L. O. Lyson.

Opinion filed November 3, 1903.

**A Party to An Action, Without the Assent of His Attorney, May Consent to Its Dismissal.**

1. Defendant, without the knowledge or consent of his attorney of record in the case, entered into a written stipulation with plaintiff's attorneys for the dismissal of the action with prejudice and without · costs. This was such a stipulation as it was in the power of the party to make without the assent of his attorney of record in the case, and, being within his power to make, it was the duty of the court to enforce it, to the extent that no costs could be taxed on dismissal in favor of the defendant.

Appeal from District Court, Richland county; *Lauder, J.*

Action by S. Paul Paulson against L. O. Lyson. Judgment for defendant, and plaintiff appeals.

Reversed.

*McCumber, Forbes & Jones,* for appellant.

A party to litigation may settle his own law suit and put an end to it, without the knowledge or consent of his attorney, in the absense of any statutory provision to the contrary. *Anderson* v. *Itasca Lumber Company,* 91 N. W. Rep. 12; *Williams et al.* v. *Miles et al.,* 89 N. W. Rep. 455; *Swanston* v. *Morning Star Mining Co.,* 13 Fed. Rep. 215; *Garvin* v. *Martin,* 93 N. W. Rep. 470; *Shank* v. *Shoemaker,* 18 N. Y. 489; *Adkinson* v. *Graham et al.,* 28 N. E. Rep. 380; *Kusterer* v. *The City of Beaver Dam,* 14 N. W. Rep. 617; *Pulver* v. *Harris,* 52 N. Y. 73; *Wright* v. *Wright,* 70 N. Y. 96; *Courtney* v. *McGavock,* 23 Wis. 619.

No amendments to the statement of the case were proposed by the respondents, nevertheless, the court refused to settle the statement without adding to, and making a part of it, the execution and the proceedings thereon, showing the judgment fully satisfied. The payment of a judgment is no bar to an appeal therefrom, especially when such payment is enforced by an execution. *Dyett* v. *Pendleton,* 8 Cow. 326; *Hayes* v. *Nourse,* 14 N. E. Rep. 508; *Chapman* v. *Sutton,* 32 N. W. Rep. 683; *Sloane et al.* v. *Anderson,* 57 Wis. 123, 2 Enc. Pl. & Pr. 181; *Perry* v. *Woodbury,* 17 N. Y. S. 530; *Nicholas, Sheperd & Co.* v. *Knowles,* 17 Fed. 494; *Clowes* v. *Dickenson et al.,* 8 Cowen 328; *Erwin* v. *Louwry,* 7 How. 172.

This appeal is from the portion of the judgment allowing costs and disbursements against the appellant. An appeal from a portion of a judgment is proper, and the portion of the judgment that affixes the costs upon appellant is erroneous and should be reversed. Rev. Codes 1899, Sec. 5606; *Conrad* v. *Bauldwin et al.,* 46 N. W. Rep. 850; *Spencer* v. *Mungus,* 72 Pac. 663; *Sanborn* v. *Perry,* 56 N. W. Rep. 337; *Sutton* v. *Wegner,* 39 N. W. Rep. 775; *Broadway* v. *Scott,* 31 Hun. (N. Y.) 378; *Burt* v. *Ambrose,* 4 Pac. Rep. 465; *Garvin* v. *Martin,* 93 N. W. Rep. 470.

The judgment for costs so entered, and collected, as shown in the record, should be reversed, and judgment against the respondent for restitution entered. 6 Am. & Eng. Ency. of Law (1st Ed.) 835; *N. W. Fuel Co.* v. *Brock et al.,* 139 U. S. 216, 11 Sup. Ct. Rep. 523; *Chamberlain* v. *Choles,* 35 N. W. Rep. 477; *Heir* v. *Anheuser-Busch Brewing Ass'n,* 82 N. W. Rep. 77; *Anheuser-Busch Brewing Ass'n* v. *Heir,* 75 N. W. Rep. 1111; *Horton* v. *State,* 88 N. W. Rep. 146; *Clark* v. *Pinney,* 6 Cowen 297; *Safford* v. *Stevens,* 2 Wend. 158.

*J. A. Dwyer,* for respondent.

The pretended stipulation for dismissal was of no force and effect whatever, it not being signed by the plaintiff, in person, and his attorney not being shown to have been authorized to sign it. Nothing in the stipulation bound the plaintiff; he could at any time repudiate it, change his attorneys and reopen his case. It was the duty of defendant's attorney to protect his client's rights and object to the stipulation. The court was justified in ignoring the same and removing it from the record. *Wells* v. *Penfield,* 72 N. W. Rep. 816; *Bray* v. *Doheny,* 40 N. W. Rep. 262.

Action can be dismissed only by the order of the court. *Aultman, Miller & Co.* v. *Becker* 71 N. W. Rep. 753.

An attorney's employment is to prosecute, not to dismiss; he must have specially delegated authority for the latter. *Rhutasel* v. *Rule,* 65 N. W. Rep. 1013; *Steinkamp* v. *Gaebel,* 95 N. W. Rep. 684.

The dismissal of an action without the participation of the attorney of record, and without notice to him, is not looked upon with favor by the Supreme Court of North Dakota. *McKenzie* v. *Bismarck Water Co.,* 6 N. D. 361, 71 N. W. Rep. 608.

Upon ground of professional morality, convenience in the transaction of business, protection to litigants entitled to the advice of

their counsel at all times, to avoid useless expense and confusion, the rule that the court should hear a party through his attorney when he is represented by one, in the important moves in an action pending, should prevail. *Board of Commissioners* v. *Younger,* 29 Cal. 147; *Mott* v. *Foster,* 45 Cal. 72; *Pilger* v. *Gou,* 21 How. Pr. 155; *McBrantny* v. *Ry. Co.,* 87 N. Y. 467; *Reed* v. *French,* 26 N. Y. 285; *Bonnifield* v. *Thorp,* 71 Fed. 294; *Thompson et al.* v. *Pershing et al.,* 86 Ind. 304; *McConnell* v. *Brown,* 40 Ind. 384, 6 Enc. Pl. & Pr. 944; Mechem on Agency, section 811; *Axiom Mining Co.* v. *Little,* 61 N. W. Rep. 441.

In the cases cited by appellant, the holding is, that the right to dismiss, is not an unqualified one. The court in most instances is authorized to impose terms, and the compliance therewith made a condition of dismissal. *Sheedy* v. *McMurty,* 63 N. W. Rep. 23; *Garven* v. *Martin,* 93 N. W. Rep. 470; *Huntington* v. *Forkson,* 7 Hill 195; *Sellers* v. *The Union Lumbering Co.,* 36 Wis. 398.

Cochrane, J. After this action was at issue and upon the court calendar for trial at a regular term of court, plaintiff, through his attorneys, entered into the following written stipulation with defendant: "It is hereby stipulated by and between the parties to the above-entitled action that the said action be and the same is hereby dismissed with prejudice and without cost to either party." This stipulation was filed in the office of the clerk of the district court of Richland county, where the case was at issue. Four days after its filing, the district judge, on motion of defendant's attorney, but without notice to appellant or his attorneys, ordered the stipulation removed from the files, and returned to the attorneys for plaintiff. When the case was reached in its order on the calendar counsel for respective parties were present in court. Plaintiff's attorneys moved for judgment of dismissal, pursuant to the written stipulation. This motion was overruled, for the reason, as set forth in the written order, that the stipulation was not signed by the attorney for defendant, neither with his knowledge or consent, and for the reason that the litigation is under control of the attorney while the relation of attorney and client exists. Thereafter, an order was made, on motion of defendant's attorney, dismissing the action, and for costs against plaintiff. Judgment was entered accordingly. This appeal is from the judgment for costs.

The defendant had the right to settle his case independently of his attorney. The subject matter of litigation is at all times under

the exclusive control of the client. *Coughlin* v. *Ry. Co.,* 71 N. Y. 447, 27 Am. Rep. 75; *Pomeranz* v. *Marcus* (Sup.) 82 N. Y. Supp. 707; *Peri* v. *Ry. Co.,* 152. N. Y. 521, 46 N. E. 849; *Moseley* v. *Jamison* (Miss.) 14 South. 529; *Lee* v. *Vacuum Oil Co.,* (N. Y.) 27 N. E. 1018; *Garvin* v. *Martin,* (Wis.) 93 N. W. 470; *Bonnifield* v. *Thorp* (D. C.) 71 Fed. 928; *Williams* v. *Miles* (Neb.) 89 N. W. 456. For this reason even where a plaintiff has agreed to pay his attorney a contingent fee, or a part of the subject matter of litigation in case of recovery, he may nevertheless make a good faith settlement of his suit. *Kusterer* v. *Beaver Dam* (Wis.) 14 N. W. 617; *Swantson* v. *Morning Star* (C. C.) 13 Fed. 215; *De Graffenreid* v. *Ry. Co.* (Ark.) 50 S. W. 272; *Western Union Tel. Co.* v. *Semmes* (Md.) 20 Atl. 127. In some jurisdictions it is held that a contract with his attorney by which a client agrees not to settle or discontinue his suit is contrary to public policy, in that its enforcement would foster and encourage litigation. *North Chicago Street Ry. Co.* v. *Ackley* (Ill.) 49 N. E. 222, 44 L. R. A. 177; *Davis* v. *Webber,* (Ark.) 49 S. W. 822, 45 L. R. A. 196, 74 Am. St. Rep. 81; *Huber* v. *Johnson,* 68 Minn. 74, 70 N. W. 808, 64 Am. St. Rep. 456; *Lewis* v. *Lewis' Adm'x,* 15 Ohio 715; *Ellwood* v. *Wilson,* 21 Iowa 523; *Boardman* v. *Thompson,* 25 Iowa 487; *Gammons* v. *Johnson,* 76 Minn. 78 N. W. 1035; *Mosely* v. *Jamison,* (Miss.) 14 South. 529. If, then, the subject of litigation is under the control of the party, so that he may settle and compromise without the knowledge or consent of his attorney, and in the teeth of an agreement not to do so, such settlement must be recognized by the court in which the action is pending, to the extent of making an order disposing of the case according to the settlement.

In the case at bar the defendant was sued for damages for slander. The answer interposed was a general denial. No affirmative judgment could have been obtained in favor of defendant in which his attorney could obtain any interest, and as said by the Supreme Court of Arkansas in *Davis* v. *Weber,* 49 S. W. 822, 45 L. R. A. 196, 74 Am. St. Rep. 81, and also in *De Graffenreid* v. *Ry. Co.* (Ark.) 50 S. W. 272, "the attorney has no right to question the bona fides of any settlement made between the plaintiff and the defendant." Nor had defendant's attorney any right to have the litigation continued as against his client, and at his client's cost, but for his own benefit. In *Garvin* v. *Martin* (Wis.) 93 N. W. 470, the defendant Crowley alone answered, alleging that what purported to

be his signaure to the note in suit was a forgery. Later, upon a stipulation signed by Crowley in person, without the knowledge of his attorney, and in his absence, an order was entered dismissing the action as to him without costs. Subsequently, on order to show cause obtained by Crowley's attorney, the stipulation and order were set aside, and a judgment rendered in Crowley's favor, dismissing the complaint as to him, with costs in his favor, against the plaintiff. On appeal it was said: "The idea that an attorney can acquire a lien of either a legal or an equitable character upon the mere right of his client to defend against the claim or cause of action of the plaintiff, precluding the parties from settling the litigation independently of him, regardless of their motives therefor, is without support in principle or authority so far as we are aware." In *Pomeranz* v. *Marcus* (Sup.) 82 N. Y. Supp. 707, the defendant's attorney asked leave to try the action for the purpose of getting judgment for costs against the plaintiff in order to get paid in that way for his services. The court said: "The parties had the right to settle their cases, and it follows, from the right of the parties to settle an action, that neither nur both of the attorneys can keep it going and try it in spite of the parties." By the stipulation of the defendant, the taxation of costs and the right to enter judgment therefor was waived. The attorney could have obtained no interest in any but the statutory costs, had judgment been regularly entered against the plaintiff; and he could not acquire any interest in the statutory costs, as against his client until judgment was in fact entered.

The right of the client to control the subject matter of litigation is distinct from the right of the attorney to manage the case in its procedure through the courts. An attorney at law has authority, by virtue of his employment as such, to do in behalf of his client all acts in and out of court necessary or incidental to the management of the suit, and which affect the remedy only, and not the cause of action. *Moulton* v. *Bouker,* 115 Mass. 40, 15 Am. Rep. 72; *Bonnifield* v. *Thorp* (D. C.) 71 Fed. 928. Consequently, when a party appears by attorney, such attorney is looked to for the management and control of the action or defense; and neither the opposing counsel nor the court should or will, save under exceptional circumstances, recognize the party, or any representative of him, as having any control of the proceeding. Stipulations in the course of the proceeding through the courts, made by the party

without the knowledge or consent of his attorney in the case, will not be enforced by the court. *Toy* v. *Haskell* (Cal.) 61 Pac. 89, 79 Am. St. Rep. 70; *Bonnifield* v. *Thorp, supra.*

The trial court in refusing to recognize this stipulation, disapproved the practice of an attorney dealing directly with the opposite party in disregard of his attorney in the case, and intended to follow the rule that a court will not recognize a stipulation in a case having reference to its conduct when signed by the party, and not by his attorney of record in the case, or assented to by him. We think, however, the action of the court was erroneous in dealing with the stipulation as one having to do with the conduct of the case in the court, as to which the attorney of record can alone treat, and not as dealing with the subject of litigation, with reference to which the party can exercise independent control to the extent of terminating or putting a period to it. When the case was reached on the trial calendar, the attorneys for both parties were in court. No question was made but that the written stipulation evidenced the agreement of the parties for a dismissal of the action without costs. Defendant's counsel admitted that his client's signature to the stipulation was genuine. No reason was assigned why the stipulation should not be carried out. No claim was made that defendant had been overreached in the settlement. His counsel claimed that he had been to some expense in the case, for which he had not been reimbursed, but made no showing that his client was insolvent, unable or unwilling to reimburse him, and no showing entitled to consideration, in opposition to an order such as was stipulated for. The attitude of counsel was in apparent hostility to his client, because hostile to the stipulation he had made with reference to a subject matter concerning which he had authority to stipulate. Defendant's counsel showing no valid reason why his client's agreement should be ignored, it should have been enforced. The reason of the rule requiring notice to be given to counsel of record as to proceedings in a case was complied with in this case, when counsel was present and heard concerning the subject matter of the stipulation. His objections were not because of any rights of the defendant which had been infringed upon, but because of an unpaid balance due from his client, which could not go to the defeat of the stipulation. He could not be heard to urge, in opposition to his client's contract, matters personal to himself. The case of *Commissioners* v. *Younger*, 29 Cal. 147, relied on by respondent,

is distinguished upon this ground in *Theilman* v. *Superior Court* (Cal.) 30 Pac. 193, and in *Toy* v. *Haskell* (Cal.) 61 Pac. 89, 79 Am. St. Rep. '70, and is not authority, under the facts in this case, in support of respondent's contention.

That part of the judgment appealed from is reversed. All concur. (97 N. W. Rep. 533.)