Juan de Jesús Martínez, demandante y apelante, *v.* Singer Sewing Machine Company, demandada y apelada.

No. 5861.—*Sometido:* Marzo 16, 1934. *Resuelto:* Mayo 24, 1934.

*Tous Soto & Zapater* y *L. Tormes García,* abogados del apelante; *F. Colón Díaz,* abogado de la apelada.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Es ésta una acción de daños y perjuicios iniciada contra la Singer Sewing Machine Company por Juan de Jesús Martínez, quien en 16 de diciembre de 1929 sufrió un accidente

que atribuye a la negligencia de un empleado de la parte de mandada. Se alega en la demanda que en la fecha indicada, siendo las nueve de la mañana, Juan de Jesús Martínez caminaba cuidadosamente por la carretera insular que de la ciudad de Ponce conduce a Guayama, por la derecha de la misma, y en el momento en que pasaba frente a la casa de Juan Laboy, sita en el barrio Sabanetas, del término municipal de Ponce, el demandante fué arrollado por un carro propiedad de la demandada, guiado en aquel momento por su empleado Ramón Ruiz Vélez, y que como consecuencia del impacto que sufrió el demandante con el referido vehículo fué lanzado violentamente contra el suelo, recibiendo lesiones que le fracturaron la pierna derecha y la mano derecha en la articulación del brazo con la muñeca. Se alega además que cuando ocurrió el accidente Ramón Ruiz Vélez trabajaba en beneficio de la demandada como empleado de la misma y que dicho accidente se debió única y exclusivamente a la negligencia del referido Ramón Ruiz Vélez, quien caminaba a una velocidad de más de treinta millas por hora, por un sitio poblado donde hay una escuela a la cual concurren más de doscientos niños, sin prestar atención a los letreros existentes en dicho sitio avisando al viajero que modere la velocidad. Ramón Ruiz Vélez, según se alega, no tocó bocina ni instrumento alguno de alarma para dar aviso a las personas que transitaban por la carretera.

La demandada alega que Ramón Ruiz Vélez caminaba por la carretera que conduce de Ponce a Santa Isabel por su derecha, a poca velocidad, y que al llegar al kilómetro 97, hectómetro 6, de dicha carretera, que es una recta, en los mismos momentos de llegar frente a la residencia del Sr. Laboy, salía del patio de esta casa el demandante, y sin hacer caso al toque de la bocina que le hizo dicho Ramón Ruiz Vélez, se tiró sobre el carro, cayendo encima del *bumper,* de donde fué recogido por el Sr. Vélez y traslado al hospital Santo Asilo de Damas, de Ponce. El accidente, según la demandada, se debió única y exclusivamente a la negligencia y des-

cuido del demandante, quien en el momento en que cruzaba la carretera miraba un aeroplano que por aquel sitio pasaba.

La demandada establece la defensa de haber sido relevada de toda clase de responsabilidades por el demandante en un documento firmado ante notario, mediante el pago de la cantidad de $60. La demandada satisfizo además el importe de los servicios médicos del demandante y los gastos de hospital. Entiende la demandada que de esta manera quedó transigida la acción que pudiera tener dicho demandante contra la demandada y que la transacción realizada tiene el carácter de cosa terminada o juzgada.

■ La demanda fué declarada sin lugar por la corte inferior, a la cual se atribuye el error de haber declarado que Ramón Ruiz Vélez no fué negligente en el manejo del automóvil que guiaba. Las conclusiones de hecho de la corte inferior aparecen consignadas en el siguiente párrafo:

"La corte, por la apreciación que ha hecho de toda la prueba presentada, es de opinión que si bien el demandante ha probado que sufrió el accidente que describe en su demanda, la prueba no demuestra que el *chauffeur* de la demandada Singer Sewing Machine Co. fuera el único responsable del accidente, sino que, aceptando lo que se declaró por un testigo del demandante, que dicho *chauffeur*, de apellido Vélez, estuviera guiando el automóvil y al mismo tiempo, negligentemente, mirando al aeroplano que en esos momentos pasaba por aquel sitio, también se probó que el demandante, asimismo, cruzaba la carretera en forma negligente también, mirando hacia el aeroplano y sin fijarse en que por la carretera viniera el automóvil de la demandada. Es decir, a juicio de la corte, se ha probado la negligencia contributoria del demandante, pues la prueba demostró que el *chauffeur* hizo todo lo que pudo por evitar el accidente, pues usó los frenos, desvió el carro hacia la izquierda y lo paró en la cuneta del lado izquierdo, todas esas maniobras con el fin de evitar atropellar al demandante, consiguiendo con su maniobra no pasarle por encima, sino darle de lado y tumbarle, cayendo el demandante en su lado derecho y fracturándose la pierna derecha y dislocándose la mano derecha."

El error apuntado no surge de las palabras de la corte inferior, la cual no exime completamente de falta al *chauffeur* Ramón Ruiz Vélez, desde el momento en que dice que

la prueba no demuestra que fuese el único responsable del accidente, y establece la conclusión de que Juan de Jesús Martínez fué culpable de negligencia contribuyente. Esta conclusión implica necesariamente que el *chauffeur* incurrió también en alguna negligencia. Cuando el accidente ha ocurrido por la negligencia exclusiva de una de las partes, entonces no puede haber negligencia contribuyente. Para que exista esta negligencia es necesario que ambas partes hayan contribuído de algún modo al accidente. Las palabras de la corte demuestran que la razón fundamental del fallo fué la negligencia contribuyente de la parte demandante. No se dice que la corte haya cometido error al establecer esta conclusión. El demandante se limita a manifestar que el tribunal sentenciador erró al considerar que el *chauffeur* Ramón Ruiz Vélez no fué negligente y se ha demostrado que no es ésta la conclusión de hecho que sirvió de base al fallo. Únicamente al terminar su alegato el apelante arguye que el caso de *Maldonado* v. *Hamilton*, 32 D.P.R. 224, citado por la corte inferior para sostener que el demandante contribuyó al accidente, no tiene aplicación a las cuestiones que aquí se ventilan. El apelante parece partir de la creencia de que en este caso pudo evitarse el accidente y que por lo tanto la negligencia contribuyente del demandante no impide que pueda obtener una indemnización por los daños que haya sufrido. No puede decirse que la corte sentenciadora estuviese desacertada al declarar que el *chauffeur* hizo tolo lo que pudo para evitar el accidente. La prueba aportada no autoriza la conclusión de que el accidente pudo haber sido evitado.

No se ha demostrado que la corte inferior, al apreciar la prueba, haya actuado movida por pasión o prejuicio, o que haya incurrido en manifiesto error. En cuanto a la negligencia del *chauffeur* que guiaba el carro cuando ocurrió el accidente, un testigo que fué empleado de la demandada, declara que el referido *chauffeur* miraba un aeroplano que pasaba por encima del carro. El *chauffeur* dice que el aeroplano pasaba frente al carro. No es fácil para una persona

que guía un automóvil mirar un aeroplano que le pasa por encima. Si el *chauffeur* en realidad miró, es más creíble la versión de que el aeroplano pasaba por el frente del carro.

■ El segundo error se basa en que la corte inferior, al apreciar la prueba, no especificó en su opinión las razones que tuvo para no creer a los testigos del demandante, faltando así a lo dispuesto en la Ley No. 25, de julio 1925 (pág. 179), que enmendó el artículo 227 del Código de Enjuiciamiento Civil. Dice así el artículo mencionado:

"En el juicio definitivo de cualquier caso en una corte de distrito, el Juez de la misma deberá hacer y archivar al mismo tiempo que dicte su sentencia, una opinión escrita, que unirá a aquélla, en la que expondrá separadamente y de una manera breve, los hechos que considere probados y las razones jurídicas en que funde su decisión. Cuando las resultancias del hecho se basaren en un conflicto de la evidencia, el Juez expondrá los motivos que haya tenido para dirimir el conflicto en la forma en que lo hiciere; y en caso de apelación, el Tribunal Supremo deberá analizar dicha evidencia y determinar si las resultancias estuvieron jusficadas o no."

En ninguna parte del artículo que antecede se dice que el Juez esté obligado a especificar las razones que tuvo para no creer a un testigo, y, aun en el caso de que las palabras de la ley pudiesen interpretarse en este sentido, el error, si lo hubiera, no sería bastante para determinar la revocación de la sentencia.

■ Se alega por último que la sentencia fué contraria a la prueba y a la ley. Discute el apelante la transacción que según la demandada, constituye cosa juzgada, y arguye que la referida transacción es nula a tenor de lo dispuesto en el artículo 1716 del Código Civil, edición 1930, por inadecuada y haber mediado en ella dolo y error de hecho. Se probó que el mismo día en que ocurrió el accidente el referido demandante firmó un documento que el administrador de los departamentos de reclamaciones de la Maryland Casualty Company, Sabino Valdés, hizo, según sus propias palabras, en maquinilla en el Asilo de Damas, llevándoselo al deman-

dante, a quien se lo leyó íntegramente. Como se trataba de una persona que no sabía escribir, el Sr. Valdés creyó prudente que se hiciera ante un notario y el documento se firmó con esta solemnidad. La demandada Singer Sewing Machine Company, está asegurada con la Maryland Casualty Company. En este documento el demandante, mediante el pago de la cantidad de $60, releva de toda clase de responsabilidades a la demandada y a Ramón Ruiz Vélez por los daños y perjuicios que pueda haber sufrido a consecuencia del accidente, ocurrido en 16 de diciembre de 1929. Actos de esta naturaleza, realizados con una persona necesitada, a raíz de sufrir un accidente, sin estar aconsejada por un abogado, deben ser escrupulosamente investigados para evitar que una parte pueda derivar ventajas de su conducta fraudulenta o ilegal y evadir así su responsabilidad (*Owens* v. *Norwood White Coal Co.*, 138 N. W. 491); pero en este caso no es necesario que nos detengamos a examinar el alcance de esta transacción en el orden jurídico, dadas las conclusiones a que ha llegado la corte inferior y las cuestiones planteadas por el apelante.

*Debe confirmarse la sentencia apelada.*