[File No. 6385.]

JACOB F. HAUSER, Oscar Hauser and Fritz Hauser, Respondents, v. SECURITY CREDIT COMPANY, a Corporation, Mandan, North Dakota, Appellant.

(266 N. W. 104.)

400

Opinion filed March 18, 1936.

*Simpson, Mackoff & Kellogg,* for appellant.

*Floyd B. Sperry,* for respondents.

CHRISTIANSON, J. This is an appeal from an order vacating an order dismissing an action with prejudice to the commencement of another action. The facts necessary to an understanding of the questions presented for our determination are substantially as follows:

In September, 1934, the above named plaintiffs brought this action against the above named defendant. There has been no change in parties. The complaint sets forth six different causes of action. The first two causes of action allege that the defendant made certain misrepresentations in a transaction involving the sale to the plaintiffs of certain preferred stock in the defendant company. The third, fourth, fifth and sixth causes of action set forth similar transactions between the defendant and certain other individuals not parties to the action.

It is alleged in the complaint as to each of said causes of action that after the accrual of the right of action "for a valuable consideration said claim was duly assigned to the plaintiffs herein, who are now the owners and holders thereof."

On March 7, 1935, the following written stipulation was entered into between the plaintiffs and the defendant: "It Is Hereby Agreed Between Jacob F. Hauser, Oscar Hauser and Fritz Hauser, the above Plaintiffs, and Security Credit Company, a corporation, of Mandan, North Dakota, above Defendant, that the above entitled action is hereby dismissed with prejudice to the starting of another action on the matters involved in the Complaint, and that neither party to this action

shall be entitled to recover against the other party any of the costs incurred in the above case and that each party shall pay his own costs; that the Court may issue an order dismissing this case in accordance with the agreement herein contained."

The stipulation was signed by all the plaintiffs and by the defendant. It was presented to the trial court and on March 9, 1935, the court entered an order reciting:

"Upon the foregoing stipulation, It Is Hereby Ordered that the above entitled action be and the same is hereby dismissed with prejudice and without costs to either party."

Thereafter the attorney who brought this action for the plaintiffs moved the court, pursuant to notice, "that the order dismissing the above entitled action be in all things re-opened, re-considered, vacated and modified." In support of such motion the said attorney submitted his affidavit wherein, among other things, it was stated:

"That he *was* the attorney for the plaintiffs in the above entitled action, and *now is* the attorney for Peter Glass, described in the 3rd cause of action of the complaint herein; that he is the attorney for Gustav L. Schlender, executor of the estate of Adolf Schlender, referred to in the 4th cause of action herein; that he is the attorney for Helmuth H. Bohrer, described in the 5th cause of action herein, and that he is attorney for Peter Mohl, described in the 6th cause of action herein, all of which relate to the complaint in the above entitled action, and the claims therein set forth.

"That said action was brought to recover certain sums of money, claimed by said parties to be owing unto them, and prior thereto, and at the request of said parties, an action was brought on said claims in the names of the above named plaintiffs. . . . That thereafter the defendant's agents entered into an arrangement with the above named plaintiffs, relating to the first and second causes of action described in said complaint, the exact details of which were not known to the affiant, but affiant is informed and believes that a loan was made by the defendant to the said plaintiffs, whereupon the said plaintiffs were induced to enter into an agreement to have said action, and all of the claims and matters referred to in said complaint, in all things dismissed; that none of the holders of the other claims referred to in said

complaint agreed to said dismissal, nor was there any consideration for the dismissal of said action pertaining to said claims; that said claims were assigned to the plaintiffs, under a trust arrangement, whereby said action was to be brought in the names of said plaintiffs, the expenses proportioned, and whereupon due accounting was to be made therefor, as determined by the amounts of said respective claims; that the remaining parties who own said additional claims did not consent to such a dismissal. . . ."

After hearing the motion the trial court, on July 22, 1935, made an order that:

"The order of dismissal of the above entitled action, referred to herein, and which order was dated the 9th day of March, 1935, is hereby re-opened, and vacated, as to Peter Glass, Gustav L. Schlender, executor of the estate of Adolf Schlender, Helmuth H. Bohrer, and Peter Mohl, referred to in the Third, Fourth, Fifth, and Sixth causes of action described in said complaint, respectively.

"It Is Further Ordered that the first and second causes of action of said complaint, are in all things dismissed, with prejudice, and without costs to either party; that the Third, Fourth, Fifth and Sixth causes of action, referred to in said complaint, are hereby dismissed, without prejudice to the bringing of another action herein, and without costs to any of said parties."

The appeal is from this order.

The attorney who brought this action for plaintiffs and who made the motion to vacate and modify the order of dismissal appears in this court and moves that the appeal be dismissed on the ground that the order appealed from is non-appealable.

The motion must be denied. The order sought to be reviewed on this appeal is not merely an ordinary order for the dismissal of an action as counsel contends. It is an order that was made upon the application and for the benefit of persons who are not parties to the action, and which in effect set aside a material portion of a stipulation between the parties to the action. The plaintiffs had the right to settle the case independently of their attorney. "The subject matter of litigation is at all times under the exclusive control of the client. . . . If, then, the subject of litigation is under the control of the party, so that he

may settle and compromise without the knowledge or consent of his attorney, and in the teeth of an agreement not to do so, such settlement must be recognized by the court in which the action is pending, to the extent of making an order disposing of the case according to the settlement. . . . The right of the client to control the subject matter of litigation is distinct from the right of the attorney to manage the case in its procedure through the courts. An attorney at law has authority, by virtue of his employment as such, to do in behalf of his client all acts in and out of court necessary or incidental to the management of the suit, and which affect the remedy only, and not the cause of action." Paulson v. Lyson, 12 N. D. 354, 97 N. W. 533, 1 Ann. Cas. 245.

In the affidavit submitted in support of the motion to vacate and modify the order of dismissal it is stated that the attorney who brought this action for the plaintiffs "now is the attorney" for four different parties who are not named as parties to the action. The record negatives the idea that in making the motion such attorney was in reality acting for or carrying out the wishes of the plaintiffs. Upon the hearing in the trial court such attorney submitted a letter written to him by one of the plaintiffs in which it is stated that the plaintiffs desire to have the action dismissed. And in the affidavit submitted by such attorney as a basis for the motion he stated that "he *was* the attorney for the plaintiffs in the above entitled action and *now is* the attorney for" the persons described in the 3rd, 4th, 5th, and 6th causes of action as the original owners thereof.

There is no showing, and in fact no claim, that the stipulation of dismissal which the plaintiffs signed was not, and is not, in every respect in accordance with their wishes and desires and in accordance with the agreement made between the parties to the action. It is apparent that the motion to vacate and modify the former order was in fact made for or in behalf of persons who are not parties to the action and, hence, would not be parties to any judgment that may be rendered therein. Notwithstanding this, however, the order in effect set aside, or at least refused to give effect to, the written stipulation which the parties to the action had entered into. Upon the record presented the defendant was entitled to have judgment entered in accordance with the agreement evidenced by the stipulation. Paulson v. Lyson, supra.

The original order was based upon and carried into effect the provisions of the stipulation. If the plaintiffs in this case had moved to be relieved from the stipulation and from the order for dismissal based thereon, an order granting such motion would have been one involving the merits of the action, within the purview of subd. 4, § 7225, Comp. Laws 1913, and, hence, appealable. Northern P. R. Co. v. Barlow, 20 N. D. 197, 126 N. W. 233, Ann. Cas. 1912C, 763; Lilly v. Haynes Co-op. Coal Min. Co. 48 N. D. 937, 188 N. W. 38.

We see no distinction in principle between the case assumed and the one presented here. The order which the trial court vacated and modified in this case was based upon a written stipulation. The order appealed from in effect set aside the provisions of the stipulation. The order which had given effect thereto was set aside; and the second order was predicated upon the theory that some of the provisions of the stipulation should not be given effect.

"An order setting aside a stipulation for dismissal of an action is appealable under subdivision 4, § 7841, Comp. Laws 1913, as an order which 'involves the merits of an action or some part thereof.' " Lilly v. Haynes Co-op. Coal Min. Co. supra.

"An order 'involving the merits,' .within the meaning of the statute, must be decisive of the question involved in the cause or of some strictly legal right of the party appealing as distinguished from mere questions of practice. The phrase 'involves the merits' has been construed by the courts to embrace orders which pass upon the substantial legal rights of the party complaining, whether such rights do or do not relate directly to the cause of action or subject matter in controversy." 3 C. J. p. 452. Bolton v. Donavan, 9 N. D. 575, 84 N. W. 357; Northern P. R. Co. v. Barlow, 20 N. D. 197, 126 N. W. 233, Ann. Cas. 1912C, 763, supra; Stimson v. Stimson, 30 N. D. 78, 152 N. W. 132; Schaetzel v. Huron, 6 S. D. 134, 60 N. W. 741; Lilly v. Haynes Co-op. Coal Min. Co. 48 N. D. 937, 188 N. W. 38, supra; Edelstein v. Levine, 179 Minn. 136, 228 N. W. 558.

The fact that the order was made upon the application of persons who were not parties to the stipulation, and who were not parties to the action certainly does not render the order less subject to review on appeal than if it had been entered upon the application of parties to

the action and to the stipulation. If the four parties in whose behalf the motion to vacate and modify the former order was made had moved that they be made parties to the action and that the former order be vacated and modified, an order granting such motion would clearly have been appealable under subd. 4, § 7841, Comp. Laws 1913. Bolton v. Donavan, 9 N. D. 575, 84 N. W. 357, supra; Schaetzel v. Huron, 6 S. D. 134, 60 N. W. 741, supra; 3 C. J. p. 452. The order in question here affected substantial legal rights of the defendant, and involved "the merits of" the action under the rule announced in Bolton v. Donavan, supra; and Northern P. R. Co. v. Barlow, 20 N. D. 197, 126 N. W. 233, Ann. Cas. 1912C, 763, supra.

This brings us to the merits of the appeal. The attorney who brought the action for the plaintiffs and who made the application for the order involved on this appeal appeared in this court and submitted a brief and argued the case orally. In his brief and argument he called attention to the fact that the defendant demurred to the complaint in this case; that the demurrer was overruled; that thereafter an appeal was taken by the defendant; that there was then pending another action, brought against the defendant by some other party plaintiff, involving similar issues; that the attorney who brought this action represented the plaintiff in the other case and that the attorneys for the defendant here represented the defendant in that case; and that a stipulation was made between counsel that a decision on the appeal from the order overruling the demurrer to the complaint in this case should control in the other case. It seems to be the contention that because of these relations the defendant in some manner became estopped from making settlement with the plaintiffs in this case and from having judgment entered on the stipulation. We are all agreed there is no merit in these contentions. We are aware of no rule whereby a client may be compelled to litigate an action to suit the will or wishes of his attorney. The rule established by all the authorities is distinctly to the contrary.

Corpus Juris (6 C. J. 643) says:

"The line of demarcation between the respective rights and powers of an attorney and his client is clearly defined. The cause of action, the claim or demand sued upon, and the subject matter of the litigation

are all within the exclusive control of a client; and an attorney may not impair, compromise, settle, surrender, or destroy them without his client's consent. But all the proceedings in court to enforce the remedy, to bring the claim, demand, cause of action, or subject matter of the suit to hearing, trial, determination, judgment, and execution, are within the exclusive control of the attorney."

"A client may, at any stage of the case, compromise or dismiss his action or suit, even though his attorney may object. The authority of an attorney being revocable at the pleasure of his client, he cannot object to any course the client may choose to take; he does not acquire any vested interest in the cause which is affected by the dismissal of the suit."

In Paulson v. Lyson, supra, this court said that the parties to an action have an absolute right to make settlement, and that "the attorney has no right to question the bona fides of any settlement made between the plaintiff and the defendant." (12 N. D. 357, 97 N. W. 533.) Furthermore, in this case there is no claim that the defendant was aware of any arrangement between the plaintiffs and the assignees of the last four causes of action set forth in the complaint reserving to the assignees any interest in the claims that had been assigned. Under our laws every action must be prosecuted in the name of the real party in interest (Comp. Laws 1913, § 7395), with the exception that an executor or an administrator, a trustee of an express trust or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted (Comp. Laws 1913, § 7397). There is not even a suggestion in the complaint in this case that the plaintiffs are suing in a representative capacity or that any person other than the plaintiffs has any interest in the claims involved or in the outcome of the action. On the contrary, the positive averment in the verified complaint in this case, as to each of the last four causes of action set forth therein, is that "for a valuable consideration said claim was duly assigned to the plaintiffs herein who are now the owners and holders thereof." The defendant was justified in relying upon this positive allegation in the verified complaint.

It follows from what has been said that the order appealed from is erroneous. It must be, and it is, reversed; and the case is remanded

with directions that the district court set aside such order, and reinstate the former order that was entered upon, and in accordance with, the stipulation between the parties to this action.

BURKE, Ch. J., and MORRIS, NUESSLE and BURR, JJ., concur.