RAMONA MARTÍNEZ SANDOVAL, now RAFAEL CALDERÓN, Plaintiff and Appellant, v. RADAMÉS CINTRÓN, Defendant and Appellee.

No. 8413. Argued May 26, 1942.—Decided June 12, 1942.

V. *Polanco de Jesús* for appellant. *A. Reyes Delgado* and *P. Santos Borges* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Ramona Martínez Sandoval, after having been run over by an automobile the property of, and driven by, Radamés Cintrón, filed against him an action to recover damages, on May 3, 1939 in the District Court of Arecibo, appearing, as counsel for plaintiff, Attorney V. Polanco de Jesús.

On May 12, 1939 plaintiff died and on September 9 of that same year her legitimate son, Rafael Calderón, filed a motion for his substitution as a party in order to be able to continue the action. Said motion is signed by Attorney V. Polanco de Jesús as counsel for petitioner.

On the 30th of that same month of September, and while the motion for substitution of party was still pending decision, defendant through his counsel, A. Reyes Delgado and P. Santos Borges, filed a demurrer to the complaint.

On the 10th of October, 1939, Rafael Calderón, without the intervention of his counsel, V. Polanco de Jesús, entered into a compromise agreement with the defendant, receiving from him the sum of $600.00, as appears from a release signed by plaintiff and his father, Antonio Calderón, before Notary Public Efraín Ruiz.

On the following day, October 11, plaintiff, Rafael Calderón, appearing through his counsel, attorney V. Polanco de Jesús, filed a "Motion Requesting that the Plaintiff be Released from the Compromise Entered into in this Case". Said motion was to the effect that V. Polanco de Jesús has always been the attorney for Ramona Martínez Sandoval and for petitioner; that defendant induced petitioner to error by making him believe that no judgment would be obtained in this case and that defendant was insolvent, thus

forcing him to accept in settlement of the case the sum of $600.00; that said settlement was agreed without the knowledge of attorney for petitioner, V. Polanco de Jesús; that from said amount Mr. Efraín Ruiz charged $166.66 as attorney's fees.

It is further stated that the release was signed without permitting the plaintiff to read it, thus prejudicing his rights, and petitioner asks the court to release him from said contract as having been made in fraud of his rights. Petitioner tendered with his petition $420.00, his share of the compromise, to be deposited in court. By motion filed on the 16th of that same month, defendant opposed plaintiff's petition.

The motion having been heard with the appearance of the parties and their respective attorneys, the court denied the same and on the 30th of October, upon petition of the plaintiff, it entered judgment dismissing the action upon the ground that there had been a compromise between the parties.

Plaintiff appealed from said judgment making the following assignment of errors:

1. That the judgment is contrary to the evidence and to law; and,

2. That the judgment of the lower court constitutes a clear and manifest abuse of discretion.

We have examined the transcript of the evidence offered in favor and against the motion to annul the compromise entered into by the plaintiff, without the intervention of the attorney of record and we agree with the lower court that the allegations of fraud on which the motion is based are not supported by the evidence.

The only legal point involved is, whether a compromise made by a plaintiff without the intervention and consent of his counsel, is valid.

The rule applicable to a situation like the one presented in this case is stated in American Jurisprudence in the following way:

"Sec. 116. Settlement or Compromise out of Court.—An attorney, by virtue of his general authority as such, has the exclusive control of the litigation in which he represents his client; his client, on the other hand, is generally conceded to have the exclusive control over the subject-matter of the litigation and may, according to the great weight of authority, at any time before judgment, if acting in good faith, compromise, settle, or adjust his cause of action out of court without his attorney's intervention, knowledge, or consent, and even though he has agreed with his attorney not to do so and the defendant has knowledge of such agreement and of the attorney's claim. The mere fact of an agreement to pay the attorney a contingent fee or a part of the subject-matter of litigation in case of success will not deprive the client of the power to make a settlement." 5 Am. Jur. 328.

The cases we have examined, in which the above-transcribed rule is applied, are based on the fact that society, due to its interest in maintaining the peace among its members, requires controversies to be promptly disposed of and favours the friendly compromise of all differences among citizens. This desired peace would not be promoted if a party were denied the right to dismiss his action without the consent of his counsel. It is further held that an agreement by which a client waives said right is contrary to public policy and cannot be enforced. 6 C. J. p. 788, §402; *Jackson v. Stearns,* 84 P. 798, 5 L.R.A. (N. S.) 390; *Kansas City Elev. R. Co.* v. *Service,* 94 P. 262; *In re Snyder,* 190 N. Y. 66, 14 L.R.A. (N. S.) 1101; *Paulson* v. *Lyson,* 97 N. W. 533; *St. Louis, I. M. & S. Ry. Co.* v. *Blaylock,* 175 S. W. 1170; 121 A.L.R. 1122; *Nichols* v. *Orr,* 166 P. 561; *Webber* v. *Jersey City H. & P. St. Ry. Co.,* 61 A. 459.

The facts in the case of *De Jesús* v. *Singer Sewing Machine Co.,* 46 P.R.R. 694, cited by appellant, are so different from those of the case at bar, that what was held in that case is of no application whatsoever to the present one.

The judgment appealed from is hereby affirmed.