RAMONA MARTÍNEZ SANDOVAL, hoy RAFAEL CALDERÓN, demandante y apelante, *v.* RADAMÉS CINTRÓN, demandado y apelado.

Núm. 8413.—*Sometido:* Mayo 26, 1942. *Resuelto:* Junio 12, 1942.

*V. Polanco de Jesús,* abogado del apelante; *A. Reyes Delgado* y *P. Santos Borges,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Ramona Martínez Sandoval, habiendo sido arrollada por el automóvil de Radamés Cintrón, mientras era conducido por éste, radicó en mayo 3 de 1939, en la Corte de Distrito de Arecibo, una acción en reclamación de daños y perjuicios, apareciendo como abogado de la demandante el Lic. V. Polanco de Jesús.

El 12 de mayo de 1939 falleció la demandante y el 9 de septiembre de ese mismo año su hijo legítimo Rafael Calderón radicó una moción de sustitución. de parte, para poder continuar el pleito. Dicha moción aparece firmada por el Lic. V. Polanco de Jesús, como abogado del peticionario.

El 30 del mismo mes de septiembre, y estando aun pendiente de resolución la moción sobre sustitución de parte, el demandado, por representación de sus abogados A. Reyes Delgado y P. Santos Borges, radicó excepción previa a la demanda.

El 10 de octubre de 1939, Rafael Calderón, sin la intervención de su abogado V. Polanco de Jesús, celebró una transacción del pleito con el demandado, recibiendo de manos de éste la suma de $600, haciéndolo constar así en un relevo firmado por el demandante y su padre Antonio Calderón, ante el Notario Lic. Efraín Ruiz.

Al día siguiente, 11 de octubre, Rafael Calderón, el demandante, por conducto de su abogado, Lic. V. Polanco de Jesús, radicó una "Moción Solicitando se Releve al Demandante de una Transacción Realizada en este Caso." En la misma se alega en síntesis que el abogado de Ramona Martínez Sandoval y del peticionario lo ha sido siempre el Lic. V. Polanco de Jesús y que el demandado indujo a error al peticionario haciéndole creer que no se obtendría fallo en su caso y que el demandado era insolvente, obligándolo por esos medios a aceptar como transacción en el caso la suma de $600, habiéndose celebrado dicha transacción a espaldas de su abogado, Lic. Polanco de Jesús, y cobrando el Lic. Efraín Ruiz de dicha cantidad, $166.66 por concepto de honorarios.

Se alega además, que el documento de relevo, se firmó sin que se le permitiera al demandante leerlo, habiendo sido éste gravemente perjudicado en su derecho y pide a la corte lo releve de dicho contrato celebrado en fraude de su derecho. Acompañó a la petición los $420 que le correspondieron en la transacción para que se depositen en la corte. El deman-

dado radicó una moción, el día 16 del mismo mes, oponién-
dose a lo solicitado por el demandante.

Vista la moción, con la comparecencia del demandante y
del demandado y de sus respectivos abogados, la corte la de-
claró sin lugar y el día 30 de octubre de 1939 dictó sentencia,
a petición del propio demandante, ordenando el archivo del
caso, toda vez que había habido una transacción entre las
partes.

Contra dicha sentencia el demandante estableció el pre-
sente recurso de apelación, señalando la comisión de dos
errores por la corte inferior, a saber:

1. La sentencia de la corte es contraria a la prueba y a
derecho.

2. La sentencia de la corte entraña un claro, grave y ma-
nifiesto abuso de discreción.

Hemos examinado la transcripción de la evidencia ofre-
cida en pro y en contra de la moción para que se declarase
nula la transacción celebrada por el demandante, sin la in-
tervención del abogado de récord, y convenimos con la corte
inferior en que las alegaciones de fraude en que se basa la
moción no están sostenidas por la prueba.

█ █ La única cuestión legal a resolver es si una tran-
sacción hecha por un demandante, sin la intervención y sin
el consentimiento de su abogado, es válida.

La regla aplicable a una situación como la que nos pre-
senta este caso aparece expuesta en la obra American Juris-
prudence en los siguientes términos:

"§ 116. *Arreglo o transacción fuera de la corte.* Un abogado
por virtud de su autoridad general como tal, tiene el control exclu-
sivo del litigio en el cual él representa a su cliente; éste, por otro
lado, tiene, según se concede generalmente, el control exclusivo sobre
el objeto o materia del litigio y puede, de acuerdo con el gran peso
de las autoridades, en cualquier fecha antes de la sentencia, si actúa
de buena fe, transigir, arreglar o ajustar su causa de acción sin la
intervención, conocimiento o consentimiento de su abogado, aún en
el caso de que hubiere estipulado con su abogado que no lo haría así

y aún cuando el demandado tenga conocimiento de tal convenio y de la reclamación del abogado. El mero hecho de un convenio para pagar al abogado una parte de la cantidad que se obtenga o una parte de la propiedad en controversia, en caso de tener éxito, no privará al cliente de su facultad para hacer una transacción." Am. Jur., vol. 5, pág. 328.

La jurisprudencia que hemos examinado, en la cual se aplica la regla que acabamos de transcribir, se basa en que por el interés que tiene en mantener la paz entre sus componentes, la sociedad requiere la pronta resolución de las controversias y aboga por la transacción amistosa de las diferencias entre los ciudadanos. La deseada paz no se promovería si se negase a la parte el derecho a desistir de su acción sin el consentimiento de su abogado. Se sostiene además que un convenio por el cual el cliente renuncia a ese derecho es contrario a la política pública y no puede exigirse su cuplimiento. 6 C. J., § 402, pág. 788; *Jackson* v. *Stearns,* 84 P. 798, 5 L.R.A. (N. S.) 390; *Kansas City Elev. R. Co.* v. *Service,* 94 P. 262; *In re Snyder,* 190 N. Y. 66, 14 L.R.A. N. S. 1101; *Paulson* v. *Lyson,* 97 N. W. 533; *St. Louis, I. M. & S. Ry. Co.* v. *Blaylock,* 175 S. W. 1170; 121 A.L.R. pág. 1122; *Nichols* v. *Orr,* 166 P. 561; *Weller* v. *Jersey City H. & P. St. Ry. Co.,* 61 A. 459.

Los hechos en *De Jesús* v. *Singer Sewing Machine Co.,* 46 D.P.R. 719, citado por el apelante, son tan distintos a los del caso de autos, que lo allí resuelto no es de aplicación al presente caso.

*La sentencia recurrida debe ser confirmada.*