[File No. 7258]

CLIFFORD ARNT, Appellant, v. HAROLD E. JOHNSON and RUTH OLSON JOHNSON, Respondents.

(48 NW2d 599)

Opinion filed June 30, 1951

*William L. Paulson* and *Philip L. Scherer,* for appellant.
*John Sad,* for respondents.

PER CURIAM. In this action the attorney for the respondents caused to be served upon the plaintiff and appellant and upon his attorney of record notice of motion to dismiss the appeal

on the ground that all the matters in controversy in the action have become moot as appears from a settlement agreement and affidavits of the attorney for the defendants served with the notice of motion. The attorney for the defendants and respondents filed such papers together with a settlement agreement duly executed by the above named plaintiff and the above named defendants personally and also by the attorneys for the defendants. Such settlement agreement shows that the plaintiff and the defendants have made a settlement of the controversy involved in this action and in such agreement further stipulated and agreed, among other things, that the plaintiff and appellant will dismiss the appeal now pending in this action. The attorney of record for the plaintiff and appellant filed objection to the recognition of the agreement between the parties and opposed the motion to dismiss the appeal. It appears from the agreement of the parties that they have made full and complete settlement of the controversy. There is no contention that a settlement agreement does not represent an actual agreement between the parties. The objection is rather that the settlement was made without information to or the knowledge of the attorneys for the plaintiff. Under the facts established in this case there obviously is no controversy for this court to consider and determine on the appeal. The parties have settled the controversy. It is established law that "the subject matter of litigation is at all times under the exclusive control of the parties, and the parties to the action have the right to settle the case independently of their attorneys." Hauser v. Security Credit Co., 66 ND 399, 266 NW 104; Paulson v. Lyson, 12 ND 354, 97 NW 533, 1 Ann Cas 245. Note: 1 Ann Cas 247–248. See, also, Platt v. Jerome, 19 How 384, 15 L ed 623.

"The plaintiffs had the right to settle the case independently of their attorney. 'The subject matter of litigation is at all times under the exclusive control of the client. . . . 'If, then, the subject of litigation is under the control of the party, so that he may settle and compromise without the knowledge or consent of his attorney, and in the teeth of an agreement not to do so, such settlement must be recognized by the court in which the

action is pending, to the extent of making an order disposing of the case according to the settlement. . . . The right of the client to control the subject matter of litigation is distinct from the right of the attorney to manage the case in its procedure through the courts. An attorney at law has authority, by virtue of his employment as such, to do in behalf of his client all acts in and out of court necessary or incidental to the management of the suit, and which affect the remedy only, and not the cause of action.' Paulson v. Lyson, 12 ND 354, 97 NW 533, 1 Ann Cas 245." Hauser v. Security Credit Co., supra.

There is no longer an actual controversy between the parties. There has been a valid settlement by them of their rights and differences in this action. Hence, the appeal should be dismissed. 4 CJS pp 1945, 1953.

The appeal is dismissed.

MORRIS, C. J. and CHRISTIANSON, BURKE, SATHRE, and GRIMSON, JJ., concur.